IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA (MIAMI)

Civil Case No. 1:24-cv-23359-KMW

UNITED INVESTOR COMMUNITY, INC.
LYADUNNI UDUGBA
OLUNGBENGA BERNARD ADESUYI,

     Plaintiffs,

v.

OMEGAPRO FOREX TRADING, LTD
GO-GLOBAL, LTD
HIS HIGHNESS SHEIKH HAMDAN
BIN MOHAMMED BIN RASHID
AL MAKTOUM (CROWN PRINCE
OF DUBAI)
UNITED ARAB EMIRATE
CITY OF DUBAI
BROKER GROUP, LTD
PULSE WORLD
SZAKACS ANDREAS ATTILA
NEVZAT DIKMEN
RIITTA DIKMEN
DILAWARJIT SINGH
NADER POORDELJOO
PAULO TUYNMAN
JUAN CARLOS REYNOSO SR.
MICHAEL SHANNON SIMS
OMEGA WORLD, LTD
NEPTUNE TRADE, LTD
OMP MONEY, LTD
OMP EXCHANGE
MELDI CHERIF
MICHAEL LETYNSKI
ROBERT VELGHE
KONSTANTIN IGNATOV
BOGDAN S. BARBU
ZXN INVESTMENT HOLDING, LTD
STEPHANE PLANTE
NICK LEMAY
JOHN BELFORT
ERIC THOMAS

{02342915-1 }

JOHN C. MAXWELL
CHRISTOPHER HAMILTON
ONE COIN
RUJA IGNATOVA
PAULO TUYMAN
OMNIA TECH
RODRIGUES SODANSOU
LAURENT LOUIS
ALI KHALIL
ERIC WORRE
MARINA WORRE
JORDAN ROSS BELFORT
STEVEN SEAGAL
TRADERS DOMAIN FOREX, LTD
MARCUS TODD BRISCO
ALGO CAPITAL, LLC
YAS CASTELLUM, LLC
YAS CASTELLUM FINANCIAL, LLC
TIN QUOC TRAN
FRANCISCO DAVID STORY
SAEG CAPITAL MANAGEMENT
FREDERICK "TED" SAFRANKO AKA
TEDDY JOSEPH SAFRANKO
ROBERT D. COLLAZO JR.
JUAN HERMAN
JORGE SALCEDO
ROBERT COLLAZO JR.,
JUAN HERMAN
JULIO CESAR CRUZ
JULIAN CRUZ
HOLTON BUGGS
JOHN DOE 1 TO 1,000

     Defendants.
_____/

## DEFENDANT FRANCISCO STORY'S MOTION TO DISMISS COMPLAINT
## (HEARING REQUESTED)

Defendant Francisco Story ("Mr. Story"), by and through his undersigned counsel and pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, submits this Motion to Dismiss the Complaint filed by Plaintiffs United Investor Community, Inc., Lyadunni Udugba, and Olungbenga Bernard Adesuyi (collectively "Plaintiffs").

2

## INTRODUCTION

Plaintiffs assert numerous causes of action against several defendants, including Mr. Story, related to the promotion of two investment services, Omegapro, Ltd. ("Omegapro") and GoGlobal, Ltd. ("GoGlobal"). The Plaintiffs name 59 defendants and 26 causes of action in their Complaint that spans 102 pages. However, Plaintiffs' Complaint contains only one single reference to Mr. Story within the main body of the Complaint, and four references to Mr. Story in footnotes relating to a totally separate and irrelevant CFTC case. These scant factual allegations fail to state a claim upon which relief can be granted against Mr. Story, especially under the heightened pleading standard for RICO and fraud claims. Moreover, Plaintiffs fail to establish this Court's personal jurisdiction over Mr. Story. Accordingly, Plaintiffs' Complaint should be dismissed.

## RELIEF SOUGHT AND GROUNDS

The Complaint fails to establish personal jurisdiction over Mr. Story, fails to state a claim for any cause of action under the relaxed Rule 8 pleading standard, and fails to satisfy the Rule 9(b) specificity requirements for fraud and RICO claims. Indeed, Plaintiffs have failed to state any claim under which relief can be granted against Mr. Story and therefore, Plaintiffs' Complaint should be dismissed. Mr. Story should be awarded his attorney's fees and costs for having to file this Motion.

## STATEMENT OF RELEVANT FACTS

1. In the Complaint, Mr. Story is named one (1) time in the body of the Complaint and four (4) times in footnotes that reference a separate and irrelevant CFTC case:

    a. "Defendant, FRANCISCO DAVID STORY, is a United States Citizen residing in UTAH. At all times hereinafter mentioned, the Defendant was the co-owner of Defendant SAEG

Management LP. This Defendant used his corporation to launder money stolen from OMEGAPRO and GOGLOBAL." Complaint at ¶ 79.

  b. "In 2023, the CFTC filed a civil case against Defendant Michael Shannon Sims for fraud and other violations of the Securities Act. The complaint was filed in the U.S. District Court for the Southern District of Texas, charging fraud and misappropriation against defendants Marcus Todd Brisco, Yas Castellum LLC, Yas Castellum Financial LLC, Tin Quoc Tran, Francisco Story, Fredirick Safranko a/k/a Ted Safranko, SAEG Capital General Management LP, and Michael Shannon Sims. [Civil Action No. 23-cv-00336] [See CFTC Press Release No. 8665-23]." Complaint at n. 6.

  c. "The Commodity Futures Trading Commission today announced it filed a civil enforcement action in the U.S. District Court for the Southern District of Texas, charging fraud and misappropriation against Marcus Todd Brisco of Wailuku, Hawaii and his companies Yas Castellum LLC of Denver, Colorado, and Yas Castellum Financial LLC of Wailuku, Hawaii; Tin Quoc Tran of Katy, Texas; Francisco Story of Draper, Utah. Fredirick "Ted" Safranko of Vancouver or Ontario, Canada; Michael Shannon Sims of either Sunny Isles Beach, Florida or Roswell or Atlanta, Georgia; and SAEG Capital General Management LP (SAEG) of Draper, Utah. The complaint alleges that beginning in approximately April 2020, Tran, Brisco and his companies, and Sims were involved with three interconnected commodity pool scams that fraudulently solicited and misappropriated pool participant funds. The complaint further alleges that Story, Safranko, and SAEG lied to the National Futures Association (NFA) in order to conceal one or more of the scams." Complaint at n. 12.

  d. "The complaint further alleges that Brisco closed Yas Castellum LLC and then launched Yas Castellum Financial LLC in June 2022. Brisco and this new company engaged in

many of the same misrepresentations and omissions as the former company. Based on these material misrepresentations and omissions, at least 57 pool participants transferred approximately $1,585,261 to participate in Yas Castellum Financial LLC's purported commodity pool. However, Yas Castellum Financial LLC also misappropriated pool participant funds by transferring most of the funds to a Tran-controlled entity, and by Brisco paying himself for purported trading profits that did not exist. According to the complaint, to conceal Tran's scheme from regulators, Story, Safranko, and SAEG knowingly submitted falsified bank statements to the NFA during an examination of SAEG. The CFTC appreciates the assistance of the NFA. The Division of Enforcement staff responsible for this matter are Alison B. Wilson, Sean Hennessy, Maura Viehmeyer, Erica Bodin, and Rick Glaser." Complaint at n. 12.

2. Aside from these references, Mr. Story is not mentioned anywhere else in the Complaint.

3. Instead, the Plaintiffs lump all of the defendants together and engage in group pleading throughout the entirety of the Complaint.

4. As such, specific, factual allegations against Mr. Story are virtually nonexistent and the Complaint relies entirely on vague, conclusory assertions aimed at all defendants as a whole.

5. Accordingly, Plaintiffs' Complaint fails to state claims against Mr. Story upon which relief can be granted under the general and specific pleading standards of Rules 8 and 9 of the Federal Rules of Civil Procedure.

## ARGUMENT

I. THIS COURT LACKS PERSONAL JURISDICTION OVER MR. STORY

This Court lacks personal jurisdiction over Mr. Story and Plaintiffs' Complaint should therefore be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Plaintiffs' Complaint asserts, in a conclusory fashion, that this Court has jurisdiction under 18 U.S.C. § 1964 (c) – which merely addresses a party's ability to sue in any appropriate United States District Court – and under 18 U.S.C. § 1965(a) because "each defendant is found and/or transacts her affairs in this District given each defendant's participation in the OMEGAPROFX Enterprise." Such a vague and conclusory assertion is not only deficient, but is untrue. Indeed, under 18 U.S.C. § 1965(a), Mr. Story rejects this jurisdictional claim and affirmatively asserts that he does not reside in Florida, was not found in Florida, does not have an agent in Florida, and does not transact his affairs in Florida.[1] Accordingly, contrary to the Plaintiffs' claims, 18 U.S.C. § 1964 (c) does not establish personal jurisdiction over Mr. Story.

    i.   **Specific Personal Jurisdiction**

Notwithstanding the above, specific personal jurisdiction may be applied to a nonresident defendant based on the following three-part test: "(1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Estes v. Rodin*, 259 So. 3d 183, 192 (Fla. Dist. Ct. App. 2018) (quoting *Louis Vuitton Malletier, S.A. V. Moxxeri*, 736 F.3d 1339, 1355 (11th Cir. 2013). Here, the Plaintiffs have not alleged even a single act committed by Mr. Story in Florida, and Mr. Story, again, affirmatively asserts that no such relationship with Florida exists, thus extinguishing any specific personal jurisdiction claim over him.

---

[1] *See* Defendant Francisco Story's Declaration in Support of Motion to Dismiss Complaint, attached hereto as **Exhibit A**.

### ii.  General Personal Jurisdiction

General personal jurisdiction exists "when the defendant's affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Imerys Talc Am., Inc. v. Ricketts*, 262 So. 3d 799, 802 (Fla. Dist. Ct. App. 2018) (internal citations and quotations omitted). Here, the Plaintiffs' Complaint is devoid of any allegations regarding Mr. Story's continuous and systematic affiliations with Florida and that is because no such affiliation exists. Indeed, Mr. Story affirmatively asserts that he does not live in Florida, does not work in Florida, does not own property in Florida, does not have an office in Florida, and has no substantial relationship with Florida. Accordingly, the Plaintiffs' Complaint should be dismissed given this Court does not have personal jurisdiction – neither specific nor general jurisdiction – over Mr. Story.

### II.  PLAINTIFFS HAVE FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED IN ALL CAUSES OF ACTION ASSERTED AGAINST MR. STORY

#### A. Legal Standard

It is well-settled that under the general Rule 8 pleading standard, that "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do… nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotations and citations omitted). Indeed, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Moreover, in the fraud context, the heightened Rule 9(b) pleading standard applies, which requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."

*Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1262 (11th Cir. 2006). Rule 9(b) is satisfied if the complaint describes "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what defendants obtained as a consequence of the fraud." *Id*. Put simply, the "who, what, when, where, and how." *Id*. Finally, a complaint against multiple defendants cannot "lump together all of the defendants in their allegations of fraud. Rather, a complaint must contain specific allegations with respect to each defendant that are sufficient to inform each defendant of the nature of his alleged participation in the fraud." *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F.Supp.2d 1355, 1363 (M.D.Fla.2007).

### B. The Complaint Fails to State Federal or State RICO Claims, As Well As All Other Fraud Claims, Against Mr. Story (Counts 1-4, 9-15, 19-21)

Counts 1 through 4 are brought under federal RICO statues, while counts 12 through 15 allege violations of Florida's equivalent of the federal RICO statutes, The Florida Civil Remedies for Criminal Practices Act. Counts 9 through 11 and 19 through 21 round out the Complaint's remaining fraud claims asserted against Mr. Story, which includes common law fraud, intentional misrepresentation, civil conspiracy, fraudulent conveyance, and commodities fraud.

All of the Plaintiffs' state and federal RICO claims, as well as all fraud claims, are subject to Rule 9(b)'s heightened pleading standard. Indeed, claims under Florida's RICO act are analyzed in the same manner as claims under the federal RICO act, *see Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263–64 (11th Cir.2004) both of which fall under civil RICO claims, "which are essentially a certain breed of fraud claims, [that] must be pled with an increased level of

specificity." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007). As stated above, to satisfy the heightened Rule 9(b) pleading standard, all averments of fraud "shall be stated with particularity" and the complaint must describe "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what defendants obtained as a consequence of the fraud." *Garfield,* 466 F.3d 1255, 1262 (11th Cir. 2006). Here, Plaintiffs' Complaint utterly fails to satisfy this high bar. In fact, the Complaint fails to identify even a single alleged statement or omission attributable to Mr. Story.

Of the approximately 102 pages and 575 paragraphs, the Complaint contains one single reference to Mr. Story (excluding four footnotes referencing a separate and irrelevant CFTC case). The Complaint's sole reference to Mr. Story states:

> 79. Defendant, FRANCISCO DAVID STORY, is a United States Citizen residing in UTAH. At all times hereinafter mentioned, the Defendant was the co-owner of Defendant SAEG Management LP. This Defendant used his corporation to launder money stolen from OMEGAPRO and GOGLOBAL.[2]

Comp., dkt. #1, ¶ 79.

This singular reference to Mr. Story is utterly deficient and does not come even remotely close to satisfying the heightened Rule 9(b) pleading standard required when pleading RICO and fraud claims. Rule 9(b) requires Plaintiffs to specifically allege the precise statements or misrepresentations made by Mr. Story, when and where such statements were made, the content

---

[2] Not only is this single allegation against Mr. Story insufficient to state claim against Mr. Story, it is also false. Mr. Story has never had an ownership interest in SAEG Management LP, nor has Mr. Story ever had access to or control over any funds related to or derived from the OMEGAPRO and GOGLOBAL schemes. While for purposes of this Motion to Dismiss the allegations in the Complaint are accepted as true, Mr. Story strongly disputes this single allegation as false.

of the statements and how they misled Plaintiffs, and what exactly Mr. Story obtained as a result of his fraud. *Garfield,* 466 F.3d 1255, 1262 (11th Cir. 2006). The Complaint, however, is completely devoid of any factual allegations relating to Mr. Story and the alleged RICO violations and fraud claims and instead rests entirely upon a single conclusory statement – that Mr. Story "used his corporation to launder money stolen from OMEGAPRO and GOGLOBAL." Plaintiffs have failed to identify a single alleged fraudulent act or omission attributable to Mr. Story, let alone the who, what, when, where and how. Indeed, the Complaint is bereft of any allegation or detail whatsoever describing the alleged money laundering operation. Instead, the Plaintiffs utilize group pleading and lump all of the defendants together in conclusory allegations of fraud and RICO violations. At paragraph 99 of the Complaint, the Plaintiffs assert a broad, vague, and all-encompassing allegation, alleging that each of the defendants:

> (a) Directly participated in the management of the Company; was directly involved in the day-to-day operations of the Company at the highest levels;
> (b) was privy to confidential proprietary information concerning the Company and its business and operations;
> (c) was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;
> (d) was directly or indirectly involved in the oversight or implementation of the Company's internal controls;
> (e) was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or
> (f) approved or ratified these statements in violation of the federal laws;
> (g) Knew this was a fraud and intentionally participated in it.

Comp., dkt. #1, ¶ 99.

The scant nature of the factual allegations against Mr. Story, combined with such conclusory statements, are in no way sufficient to satisfy the heightened Rule 9(b) pleading standard. The Plaintiffs have failed to plead their claims with any particularity whatsoever and have likewise failed to identify the requisite who, what, when, where, and how of the alleged fraud, the identity of the party engaging in the alleged fraud, and the consequences thereof. Accordingly, the

10

Plaintiffs have failed to state sufficient claims for all RICO and fraud causes of action asserted against Mr. Story, and said claims should therefore be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### C. The Complaint Fails to State Claims Regarding All Remaining Non-Fraudulent Claims Against Mr. Story (Counts 5-8, 16-18, 22-24)

All remaining claims asserted against Mr. Story in the Complaint are non-fraudulent, state law causes of action, which include breach of implied contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, conversion/theft/embezzlement, intentional infliction of emotional distress, negligent infliction of emotional distress, punitive damages, failure to register, injunctive relief, and accounting and insurance. To successfully state a claim for these causes of action, the Plaintiffs must satisfy the Rule 8 pleading standard, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545, 127 S. Ct. 1955, 1959, 167 L. Ed. 2d 929 (2007). However, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do… nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. 662, 678. Under such framework, Plaintiffs' remaining claims against Mr. Story suffer from the same fatal flaws as Plaintiffs' RICO and fraud claims and fail to satisfy even the minimal Rule 8 pleading standard.

Nowhere in the Complaint do the Plaintiffs allege factual allegations against Mr. Story relating to any of these remaining claims. As stated above, the only reference to Mr. Story within the body of the Complaint is a conclusory statement found at paragraph 79, which merely states that Mr. Story, via a corporation, laundered money stolen from Omegapro and GoGlobal. There is a glaring absence of any allegation against Mr. Story related to a contract or breach thereof,

how Mr. Story was unjustly enriched, how Mr. Story stole or embezzled money, how Mr. Story caused the Plaintiffs emotional distress, or how Mr. Story has any connection whatsoever to any of the remaining claims. Indeed, once the conclusory statement is excised, there are no allegations of conduct that might support Plaintiffs' claims against Mr. Story. The Complaint's singular reference to Mr. Story is utterly deficient and does not satisfy even the lower pleading standard of Rule 8 given the causes of action merely recite elements of the claims and are supported by nothing more than vague, conclusory statements. Indeed, Plaintiffs' single reference to Mr. Story is exactly the type of naked assertion devoid of further factual enhancement that cannot survive a motion to dismiss as described in *Iqbal*. As such, Plaintiffs' remaining claims against Mr. Story fail to satisfy the Rule 8 pleading standard and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## CONCLUSION

Based on the foregoing, Mr. Story requests that the Court dismiss all claims asserted against Mr. Story without leave to amend. Mr. Story further requests an award of attorney's fees and costs incurred, as may be permitted, in having to file this Motion.

## REQUEST FOR HEARING

Due to the complexities involved with the Plaintiffs' claims, Mr. Story requests that the Court set a hearing on this Motion as Mr. Story believes that such will assist the Court in highlighting the significant deficiencies that exist in the Complaint.

## NO MEET AND CONFER REQUIREMENT

Pursuant to Local Rule 7.1(a)(3), this Motion is exempt from the meet and confer requirements.

Dated: October 24, 2024                     Respectfully submitted,

*/s/ Jake S. Taylor*

Jake S.Taylor (FBN 0520896)
Keith M. Woodwell (*Pro Hac Vice pending*)
Nickolas Sessions (*Pro Hac Vice pending*)
CLYDE SNOW & SESSIONS
201 South Main Street, Suite 2200
Salt Lake City, Utah  84111
Tel/Fax: (801) 322-2516

*Attorneys for Defendant Francisco Story*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of October, 2024 I caused a true and correct copy of the foregoing DEFENDANT FRANCISCO STORY'S MOTION TO DISMISS COMPLAINT was served to the parties by the Court's electronic filing system, via CM/ECF.

*/s/ Jake S. Taylor*