# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-23359-KMW

UNITED INVESTOR COMMUNITY,
INC., et al.

    Plaintiff,

vs.

OMEGAPRO FOREX TRADING, LTD.,
et al.,

    Defendant.

_____/

## DEFENDANT JUAN CARLOS REYNOSO SR.'S MOTION TO DISMISS CLASS ACTION COMPLAINT FOR FRAUD, RACKETEERING, CIVIL CONSPIRACY, BREACH OF CONTRACT, AIDING AND ABETTING FRAUD

    COMES NOW Defendant Juan Carlos Reynoso Sr., by and through his counsel of record, George S. Savage, Esq., of The Savage Law Group, P.A., to hereby file this Motion to Dismiss ("Motion to Dismiss") the Class Action Complaint for Fraud, Racketeering, Civil Conspiracy, Breach of Contract, Aiding and Abetting Fraud (the "Complaint") pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim under either federal or Florida and Federal law pursuant to Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. In the alternative, Defendant Juan Carlos Reynoso Sr., hereby moves for a more definite statement because the Complaint is a shotgun pleading.

    This Motion to Dismiss is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities.

DATED this 31st day of October 2024.

                                          Respectfully submitted,

                                          /s/ George S. Savage
                                        George S. Savage, Esq.
                                        Florida Bar No. 051772
                                        **THE SAVAGE LAW GROUP, P.A.**
                                        2030 South Douglas Road, Suite 214
                                        Coral Gables, Florida 33134
                                        Telephone: (305) 577-0000
                                        E-Service: gss@savagelaw.net
                                        *Counsel for Defendant*
                                        *Juan Carlos Reynoso, Sr.*

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................ 6
   A. The Allegations Against Juan Carlos Reynoso Sr. ...................................................... 6
II. LEGAL ARGUMENT ........................................................................................................ 7
a. The Legal Standard for Dismissal under Rule 12(b)(6) ............................................... 7
   B. The Legal Standard for Dismissal Under Rule 9(b) ................................................... 7
   C. The Complaint Fails to State a Claim Against Reynoso Sr. Under Both Federal and Florida RICO Laws (Counts 1-4; 12-15) ............................................................................. 8
   D. Like the RICO Claims, the Fraud Claims (Counts 9-11) Fail to Meet the Pleading Requirements in Rule 9(b) .................................................................................................. 9
      1. The common law fraud claim does not meet the heightened pleading standards of Rule 9(b)  10
      2. Count 11 for intentional misrepresentation similarly fails for the same reason. .......... 11
      3. Since the fraud claims in Counts 9 and 10 fail, Count 11 must also fail as a matter of Florida law because there is no standalone claim for civil conspiracy. ................................ 11
   E. Counts 20-22 Must Also Be Dismissed Because the Claims They Rely on Fail to State a Claim under Rules 8(a)(2) and 9(b). ................................................................................. 12
   F. Plaintiffs' Fraudulent Conveyance Claim (Count 19) Fails as to Juan Carlos Reynoso Sr. 13
   G. The Remaining State Claims Fail Because They do not Meet the Pleading requirements of Rule 8(2)(a). ................................................................................................................ 14
      1. Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Unjust Enrichment (Counts 5-7) ........................................................................................ 14
      2. Conversion/Theft/Embezzlement (Count 8) ............................................................... 15
      3. Intentional and Negligent Infliction of Emotional Distress (Counts 16-17) ................ 15
      4. Exemplary Punitive Damages (Count 18) is not an actionable claim in Florida. .......... 16
   H. Injunctive Relief and Accounting and Insurance (Counts 23-24) .................................. 16
III. In the Alternative, the Court Should Order the Plaintiffs to Replead their Complaint Because it Meets the Definition of a Shotgun Complaint .......................................................... 17
IV. CONCLUSION ................................................................................................................. 17
V. NO MEET AND CONFER REQUIREMENT .................................................................. 17

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Whitfield*, 290 So. 2d 49 (Fla. 1974). ................................................................... 14

*American Dental Association v. Cigna Corporation*, 605 F.3d 1283 (11th Cir. 2010). ............. 6, 7

*American United Life Insurance Company v. Martinez,* 480 F.3d 1043 (11th Cir. 2007). ............ 9

*Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669 (11th Cir. 2014). .............................. 6, 7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009). ................................................................................... 5

*Barmapov v. Amuial*, 986 F.3d 1321(11th Cir. 2021). .............................................................. 5, 15

*Bell Atlantic Corporation v. Twombly,* 550 U.S. 544 (2007). ..................................................... 12

*Brooks v. Blue Cross & Blue Shield of Florida., Inc.,* 116 F.3d 1364 (11th Cir. 1997). ............. 6, 8

*Chaparro v. Carnival Corporation*, 693 F.3d 1333 (11th Cir. 2012). .......................................... 14

*Cisneros v. Petland, Inc.,* 972 F.3d 1204 (11th Cir. 2020). ......................................................... 6

*DJ Lincoln Enterprises v. Google LLC,* No. 21-12894, (11th Cir. Jan. 24, 2022). ..................... 10

*Dolphin LLC v. WCI Communities., Inc.*, 715 F.3d 1243 (11th Cir. 2013). ................................ 10

*General Electric Company v. Chuly International, LLC*, 118 So.3d 325 (Fla. 3d DCA 2013). . 11, 12

*Hasenfus v. Secord*, 962 F.2d 1556 (11th Cir. 1992). ................................................................. 9

*Heinen v. Royal Caribbean Cruises Ltd.*, No. 19-13750 (11th Cir. Mar. 30, 2020). ................... 14

*Jackson v. BellSouth Telecommunications*, 372 F.3d 1250 (11th Cir. 2004). .............................. 6

*Jackson v. Shakespeare Found., Inc.*, 108 So.3d 587 (Fla. 2013). .............................................. 8

*Knezevich v. Carter*, No. 19-10769 (11th Cir. Feb. 24, 2020). ..................................................... 13

*Liggett Group Inc. v. Engle*, 853 So.2d 434 (Fla. 3d DCA 2003) ................................................ 14

*Mandala v. Tire Stickers, LLC*, No. 19-14416 (11th Cir. Sep. 30, 2020). .................................... 10

*Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084 (11th Cir. 2021). .............................................. 10

*Metro Life Insurance Company v. McCarson*, 487 So.2d 277 (Fla. 1985). ................................. 13

*Palm Beach Golf Center-Boca, Inc. v. John G. Sarris*, D.D.S., P.A., 781 F.3d 1245, 1260 (11th Cir.2015). ................................................................................................................................ 7

*Philip Morris USA Inc. v. Duignan*, No. 2D20-2714 (Fla. 2d DCA May 5, 2023). ..................... 14

*Raimi v. Furlong,* 702 So.2d 1273 (Fla. 3d DCA 1997). ............................................................. 9

*Resnick v. Avmed, Inc.*, 693 F.3d 1317 (11th Cir. 2012). ........................................................ 12, 13

*Rollins, Inc. v. Butland,* 951 So.2d 860 (Fla. 2d DCA 2006). ...................................................... 12

*Soffer v. R.J. Reynolds Tobacco Company*, 187 So. 3d 1219 (Fla. 2016). ................................... 14

*United Technologies Corporation v. Mazer*, 556 F.3d 1260 (11th Cir. 2009). ............................ 13

*Vital Pharmaceutircals, Inc., v. Alfieri*, 23 F.4th 1282 (11th Cir. 2022). ...................................... 14

*Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015). ...................... 15

Y*oung v. Grand Canyon University, Inc.*, 57 F.4th 861 (11th Cir. 2023). ...................................... 9

*Yusem v. South Florida Water Management District.,* 770 So.2d 746 (Fla. 4th DCA 2000)....... 11

*Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301 (11th Cir. 2014)................................. 15

**Statutes**

Florida Statutes, Section 726.105 ........................................................................................... 11, 12

Florida Statutes, Section 772.102(4)............................................................................................... 7

Florida Statutes, Section 772.103 ................................................................................................... 6

**Rules**

Federal Rule of Civil Procedure 8(a)(2). ........................................................................................ 5

Federal Rule of Civil Procedure 9(b)......................................................................................... 5, 8

I.      **INTRODUCTION**

The Complaint [**ECF No. 1**] alleges a complex, pyramid scheme involving cryptocurrency investments with Corporate Defendants OmegaPro, Ltd. ("OmegaPro") and GoGlobal, Ltd.("GoGlobal"), from a time period either ranging from January 2017 or January 2018 through January 2024 or August 2024.[1] Defendants include an Emirati Prince, a Hollywood actor, and the "Wolf of Wall Street," among the individuals and entities named in the Plaintiffs' shotgun pleadings, along with Defendants John Doe 1-1,000. Complaint**,** p. 4. As discussed below, the allegations in the Complaint are nothing more than barebone recitations that the Defendants engaged in unscrupulous behavior that led innocent individuals to invest in their fraudulent scheme. There are no allegations against Juan Carlos Reynoso Sr. ("Reynoso Sr.") that meet the lower standard of Rule 8(a), much less the heightened standard of pleading required for Plaintiffs' RICO and fraud claims. Without actionable claims, the Complaint should be dismissed.

   A.      <u>**The Allegations Against Juan Carlos Reynoso Sr.**</u>

Juan Carlos Reynoso Sr.'s name appears in the Complaint seven (7) times – one of which is solely to establish that he is Juan Carlos Reynoso Jr.'s father (Complaint, ¶ 72), while another includes his name twice in the same paragraph (Complaint, ¶ 239g). None of the claims raised by the Plaintiffs seek any relief against Reynoso Sr. The allegations against Reynoso Sr. are limited to paragraphs 71, 139, 144, 204, and 239g. The allegations are as follows:

> Defendant, JUAN CARLOS REYNOSO, SR. upon information and belief is a United States Citizen, residing in Miami Beach, Florida. At all times hereinafter mentioned, Defendant served as Manager of OMEGRAPRO [sic] in Latin America. Defendant is currently working as GOGLOBAL Chief Sales Officer. From 2019 to 2024 Defendant used his influence to convince hundreds of thousands of people in the United States, and Latin America to invest in OMEGAPRO and GOGLOBAL, both companies have been operating as a Ponzi Scheme.

Complaint, ¶ 71.

The Complaint further alleges that Reynoso Sr. is one of the "founders and the 'visionaries' behind OmegaPro." Complaint, ¶ 139. The Complaint further alleges that "Omegapro corporate

---

[1] The timeframe is unclear from the Complaint. Plaintiffs initially allege that the "Class Period" is "between January 2017 and through January 2024," on page 3. On the same page, however, Plaintiffs drop a footnote alleging that "[b]etween 2017 and 2022, the Defendants participated and promoted OMEGAPRO," as part of their scheme. Complaint, p. 3. Finally, Plaintiffs allege that the "Class Period" is actually "between January 2018 and through August 2024." Complaint, ¶ 1.

6

structure was such each part of the world had a representative. [ . . . ] In Latin America JUAN REYNOSO SR. was OMEGAPRO's representative causing hundreds of thousands of people to invest money in Omegpro [sic]." Complaint, ¶ 144.

> Plaintiffs further allege that:
>
> As November 2022 was approaching, Defendants szakacs [sic], Sims, Singh, Poordeljoo, Reynoso Sr, Meldi Cherif and others went to great lengths to assure investors of OmegaPro's legitimacy. They dismissed allegations that OmegaPro was a fraud and a Ponzi scheme and told investors to ignore all criticism of OmegaPro as "fear, uncertainty, and doubt" emanating from competitors, and some promoters appealed to the piety of their investors proclaiming, 'Faith over Fear!'

Complaint, ¶ 204.

The final allegation against Reynoso Sr. does not even relate to the matter at hand, much less any claims brought in the Complaint, and instead refers to an unrelated legal matter Plaintiffs nevertheless included, claiming that "Defendants failed to disclose that in July 2017, a mortgage lender sued Juan Reynoso Sr. in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Civil Division, in an action to foreclose a defaulted mortgage on residential real property held by Reynoso Sr." Complaint, ¶ 239g.

## II.     LEGAL ARGUMENT

### A.     The Legal Standard for Dismissal under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court created a two-pronged approach to evaluating motions to dismiss: (1) eliminate any allegations in the complaint that are mere legal conclusions; and (2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 664.

### B.     The Legal Standard for Dismissal Under Rule 9(b)

Rule 9(b) and Rule 12(b)(6) are independent grounds for dismissing a complaint. *Barmapov v. Amuial*, 986 F.3d 1321, n. 6. (11th Cir. 2021). Rule 9(b) of the Federal Rules of Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state **with particularity** the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b)(emphasis added).

Because fair notice is "[p]erhaps the most basic consideration" underlying Rule

9(b), the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." Therefore, in a case involving multiple defendants [ . . . ] "the complaint should inform each defendant of the nature of his alleged participation in the fraud."

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380-81 (11th Cir. 1997). Accordingly, fraud has a heightened standard of pleading. Pursuant to Rule 9(b), a plaintiff must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Id.* (applying the requirements to a RICO fraud complaint).

### C.   The Complaint Fails to State a Claim Against Reynoso Sr. Under Both Federal and Florida RICO Laws (Counts 1-4; 12-15)

Counts 1-4 of the Complaint are brought under Federal RICO Statutes. Counts 1-4 of the Complaint are brought under Federal RICO Statutes. Specifically, Count 1 is for conduct or participation in a RICO enterprise through a pattern of racketeering activity under 18 U.S.C. §§ 1961(3) and 1096(c); Count 2 is for acquisition and maintenance of an interest in and control of an enterprise engaged in a pattern of racketeering activity under 18 U.S.C. §§ 1961(5), 1964(B); Count 3 is for use of income derived from a pattern of racketeering activity in the operation of an enterprise engaged in activities which affect interstate or foreign commerce under §§ 1961(5), 1964(A); and Count 4 is for conspiracy to engage in a pattern of racketeering activity under §§ 1961(5), 1964(D).

"RICO allegations must comply not only with the plausibility criteria articulated in *Twombly* and *Iqbal* but also with Fed. R. Civ. P. 9(b)'s heightened pleading standard." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010). To establish a claim for RICO, a plaintiff must show a pattern of racketeering activity. *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004). To successfully allege a pattern of racketeering activity, Plaintiff must show that the defendants "(1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros v. Petland, Inc.,* 972 F.3d 1204, 1211 (11th Cir. 2020).

Counts 12-15 allege violations of Florida's equivalent to the Federal RICO statutes, The Florida Civil Remedies for Criminal Practices Act (the "Florida RICO Act"). The Florida

RICO Act establishes civil liability when an enterprise engages in a pattern of criminal activity. *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, *22 (11th Cir. 2014); Fla. Stat. § 772.103. In order to establish a pattern of criminal activity, the plaintiff must allege two or more criminal acts "that have the same or similar intents, results, accomplices, victims, or methods of commission" that occurred within a five-year time span. *Id.*; Fla. Stat. § 772.102(4). Count 12 is for use of income derived from a pattern of racketeering activity in the operation of an enterprise under the "Florida Racheteering [sic] Act"; Count 13 is for conduct or participation in an enterprise through a pattern of racketeering activity under the Florida Racketeering Act; Count 14 is for acquisition and maintenance of an interest in or control over any enterprise under Florida Racketeering Act; and Count 15 is for conspiracy to violate the provisions of Florida Racketeering Act, *et seq*.

As discussed above, all of the Plaintiffs' RICO Claims are subject to the heightened pleading standard in Rule 9(b). *See Am. Dental Ass'n*, *supra*, 605 F.3d at 1291. None of the allegations against Reynoso Sr. meet the heightened pleading requirements of Rule 9(b). Count 1 does not include any allegations against Reynoso Sr., Count 1 seeks no relief as to Reynoso Sr., and like most of counts in the Complaint, lumps all the Defendants together instead. Furthermore, Counts 2-4 and 13-14 specify that the allegations refer to "the Corporate Defendants as listed in paragraphs 77-91," which, "collectively constituted an enterprise (the Omegapro Enterprise Ponzi Scheme)." Complaint ¶¶ 289, 308, 331, 425 and 450. Paragraphs 77-91 contain a mix of individuals and corporations. Reynoso Sr. is not one of those individuals. Consequently Reynoso Sr. is not part of the enterprise as alleged. Instead, he is specifically excluded from this group of Defendants. Since he is not part of the enterprise, both the Federal and Florida RICO Claims alleged in Counts 2-4 and 13-14 do not apply to Reynoso Sr. Finally, Reynoso Sr. is excluded altogether in Count 15 as he is not one of the named individuals. Based on the foregoing, Counts 1-4 and 12-15 must be dismissed.

    **D.**    <u>**Similar to the RICO Claims, the Fraud Claims (Counts 9-11) Fail to Meet the Pleading Requirements in Rule 9(b)**</u>

Counts 9 and 10 allege common law fraud and intentional misrepresentation, respectively. Although state law determines whether state claims exist and what defenses are recognized, federal pleading rules apply. *See Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris*, D.D.S., P.A., 781 F.3d 1245, 1260 (11th Cir. 2015). As discussed in detail above, Rule 9(b) of the Federal Rules of

Civil Procedure provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Like the RICO claims, the fraud claims here fail to meet the heightened pleading standards of Rule 9(b). In *Brooks*, *supra*, the Eleventh Circuit explained that:

> [b]ecause fair notice is "[p]erhaps the most basic consideration" underlying Rule 9(b), the plaintiff who pleads fraud must "reasonably notify the defendants of their purported role in the scheme." Therefore, in a case involving multiple defendants [ . . . ] "the complaint should inform each defendant of the nature of his alleged participation in the fraud."

*Brooks*, 116 F.3d at 1380-81.

### 1. The common law fraud claim does not meet the heightened pleading standards of Rule 9(b)

To establish common law fraud under Florida law, a proponent must establish that:

> (1) the opposing party made a misrepresentation of a material fact, (2) the opposing party knew or should have known the falsity of the statement, (3) the opposing party intended to induce the aggrieved party to rely on the false statement and act on it, and (4) the aggrieved party relied on that statement to his or her detriment.

*Jackson v. Shakespeare Found., Inc.*, 108 So.3d 587, 595 n.2 (Fla. 2013). Since common law fraud is a fraud claim, the allegations in the complaint "must state **with particularity** the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

None of the elements in *Brooks*, *supra*, 116 F.3d at 1380-81, are present here. For instance, rather than giving specific dates, paragraph 378 alleges that "[f]rom June 2018 through January 2024, the Defendants promised or represented to the members of the Class that their money would be, and/or had been invested in cryptocurrency through an automated investment trading platform." Complaint, ¶ 378. Moreover, Plaintiffs do not specify which Defendant or Defendants are involved. In the next paragraph, Plaintiffs again generally allege that unspecified Defendants committed fraud when they

> intentionally and falsely represented to the members of the Class that (a) their money would be, and/or had been invested in cryptocurrency (b) they would earn, and in fact did earn, 3% weekly return on their investment (c) Omegapro was a registered hedge fund (d) Omegapro was a registered investment advisor and (e) Omegapro was a registered broker.

Complaint, ¶ 379. Plaintiffs once more give a range of dates and lump all of the Defendants together. These allegations do not meet the heightened pleading standards of Rule 9(b), therefore,

Count 9 must be dismissed.

### 2. Count 11 for intentional misrepresentation similarly fails for the same reason.

To prevail on a claim of intentional misrepresentation, a plaintiff must show that a defendant, made "(1) a false statement of fact; (2) known by the defendant to be false at the time it was made and (3) made for the purpose of inducing the plaintiff to act in reliance thereon; (4) action by the plaintiff in reliance on the correctness of the representations; and (5) resulting damage to the plaintiff." *Hasenfus v. Secord*, 962 F.2d 1556, 1561 (11th Cir. 1992). "[C]laims that sound in fraud must comply not only with the plausibility standard articulated in *Twombly* and *Iqbal*, but also the heightened pleading requirements of Rule 9(b)." *Young v. Grand Canyon Univ., Inc.*, 57 F.4th 861, 875 (11th Cir. 2023)(internal citation omitted). Similar to their other claims, Plaintiffs assert that Defendants made intentional misrepresentations without detailing what those misrepresentations were or who made them. For this reason, Count 10 does not meet the requirements of Rule 9(b).

### 3. Since the fraud claims in Counts 9 and 10 fail, Count 11 must also fail as a matter of Florida law because there is no standalone claim for civil conspiracy.

In Florida, to successfully plead civil conspiracy, a plaintiff must prove the following: "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong,* 702 So.2d 1273, 1284 (Fla. 3d DCA 1997). **However, there is no freestanding cause of action in Florida for civil conspiracy.** "Under Florida law, the gist of a civil conspiracy is not the conspiracy itself but the civil wrong which is done through the conspiracy which results in injury to the Plaintiff." *Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1067 (11th Cir. 2007). Therefore, "a claim that is found not to be actionable cannot serve as the basis for a conspiracy claim." *Id. See also Kee v. National Reserve Life Ins. Co.*, 918 F. 2d 1538, 1541 (11th Cir. 1990).

Here, the underlying claims would be the fraud claims in Counts 9 and 10. As discussed above, the fraud and intentional misrepresentations claims do not meet the pleading standards of Rule 9(b). Because the underlying claims are insufficient as plead, they must be dismissed, leaving the civil conspiracy claim without a valid underlying claim. Since Florida does not recognize civil conspiracy as its own, independent cause of action Count 11 must also be dismissed.

E.      **Counts 20-22 Must Also Be Dismissed Because the Claims They Rely on Fail to State a Claim under Rules 8(a)(2) and 9(b).**

The allegations in Counts 20-22 contain the same defects as above, because "claims that sound in fraud must comply not only with the plausibility standard articulated in *Twombly* and *Iqbal*, but also the heightened pleading requirements of Rule 9(b)." Y*oung*, 57 F.4th at 875. In order to state a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), a plaintiff "must allege (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." *Dolphin LLC v. WCI Cmtys.*, *Inc*., 715 F.3d 1243, 1250 (11th Cir. 2013) In *Mandala v. Tire Stickers, LLC*, No. 19-14416 (11th Cir. Sep. 30, 2020), the Eleventh Circuit dismissed the appellee's FDUTPA claims because the claims the appellee's claims relied on also failed to state a claim, therefore, "without any surviving predicate acts, the claims under the FDUPTA [sic] were rightfully dismissed for failure to state a claim." *Mandala*, No. 19-14416, at *12. "***A plaintiff, however, cannot state a cause of action under FDUTPA if the consumer fails to plead that they suffered actual damages***."*Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1098 (11th Cir. 2021)(emphasis added). Most importantly, **the Eleventh Circuit applies Rule 9(b) to FDUTPA claims alleging fraud**, requiring that a party state with particularity the circumstances constituting fraud or mistake. *DJ Lincoln Enters. v. Google LLC,* No. 21-12894, 7-8 (11th Cir. Jan. 24, 2022).

Count 20 alleges that "[t]he acts and the Defendants alleged herein violated Florida law in that they constituted fraudulent practices, including a scheme to defraud, as defined in Florida Deceptive Practices Act." Complaint, ¶ 512. First of all, there is no Florida Deceptive Practices Act, and the Plaintiffs do not refer to any Florida statute. Second, if they are referring to FDUTPA, Plaintiffs do not plead that they have suffered actual damages, therefore, Count 20 fails under Rule 8(2)(a) to state a viable claim. Moreover, while Plaintiffs allege fraud, therefore Count 20 is subject to the heightened pleading requirements of Rule 9(b). Given there are no details about the alleged fraudulent practices and scheme to defraud based on RICO, Count 20 must fail as to Reynoso Sr.

Count 21 alleges that Defendants' acts and practices "involved the use or employment of a fraud, deception, concealment, suppression, or false pretense, where said uses or employments were engaged in to induce or promote the issuance, distribution, exchange, sale, negotiation, or purchase within or from this state of any securities or commodities." Complaint ¶ 515. Again, Plaintiffs do not name Reynoso Sr., instead Plaintiffs simply group all the Defendants together.

Plaintiffs further allege that the acts and practices of the Defendants – once again, not distinguishing between the more than 60 named Defendants and not naming Reynoso Sr. – violated the "Florida Deceptive Practices Act [sic]" by involving

> illegal and prohibited acts or practices in the making of representations or statements which are false, where Defendant (i) knew the truth; or (ii) with reasonable effort could have known the truth; or (iii) made no reasonable effort to ascertain the truth; or (iv) did not have knowledge concerning the representation or statement made, where said representations were made to induce or promote the issuance, distribution, exchange, sale, negotiation, or purchase within or from this State of any securities or commodities.

Complaint, ¶ 519. As discussed above, FDUTPA allegations based on fraud are subject to the heightened pleading requirements of Rule 9(b). The allegations are nothing more than a threadbare recitation of the elements and legal conclusions, therefore, Count 21 fails as to Reynoso Sr.

Count 22 alleges that the acts and practice of Defendants, generally, constitutes Defendants "acting as dealers or salespeople in the issuance, sale or purchase of, or offer to sell or purchase, securities from or to the public within or from the state of Florida without filing a registration statement with the proper state agency." Complaint, ¶ 521. There are no allegations that Reynoso Sr. issued, purchased, sold, or offered for sale securities or other commodities, or at any time acted as an issuer, dealer, or salesperson for cryptocurrency investments. Furthermore, Count 22 does not include the relief sought, meaning that Count 22 quite literally fails to state a claim on which relief can be granted.

### F.   Plaintiffs' Fraudulent Conveyance Claim (Count 19) Fails as to Juan Carlos Reynoso Sr.

Count 19 is a "statutory claim for fraudulent conveyance." Despite claiming to be a "statutory" claim, Count 19 does not cite any statute. However,

> [a] fraudulent conveyance action is an action by a creditor against a transferee directed against a particular transaction, which, if declared fraudulent, is set aside thus leaving the creditor free to pursue the asset, or it is an action against a transferee who has received an asset by means of a fraudulent conveyance and should be required to either return the asset or pay for the asset (by way of a judgment and execution).

*Gen. Elec. Co. v. Chuly Int'l, LLC*, 118 So.3d 325, n.1 (Fla. 3d DCA 2013). *See also Yusem v. S. Fla. Water Mgmt. Dist.,* 770 So.2d 746 (Fla. 4th DCA 2000); Fla. Stat. § 726.105. Florida Statute section 726.105(1)(a) provides in relevant part that,

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor,

13

> whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor

Fla. Stat. § 726.105(1)(a) (2024). Since the determination of actual fraudulent intent in section 726.105(1)(a) can be difficult, courts look to:

> certain "badges of fraud" to determine whether the transfer was made with the intent to defraud creditors. Those "badges of fraud" are set forth in section 726.105, Florida Statutes. "The existence of badges of fraud creates a prima facie case and raise a rebuttable presumption that the transaction is void."

*Chuly*, 118 So.3d at 327. *See also* Fla. Stat. § 725.105(2) (2024).

The sole allegations in Count 19 are that (1) Defendants, generally, "developed and implemented a scheme to transfer assets to each other and others to place them outside of the reach of their creditors, including each member of the Class;" and (2) "[t]he aforesaid transfers were made with actual intent to hinder, delay, or defraud the members of the Class and without receiving a reasonable equivalent value in exchange for the transfer or obligation." Complaint, ¶508. Plaintiffs do not allege anything that could be considered a badge of fraud, despite eleven (11) possible factors in section 725.105(2). As such, Count 19 fails.

### G. The Remaining State Claims Fail Because They do not Meet the Pleading requirements of Rule 8(2)(a).

The remaining claims in the Complaint are nothing more than mere legal conclusions that fail to distinguish between Defendants, and therefore do not afford Reynoso Sr. fair notice of what the claims are and the grounds upon which they rest. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

#### 1. Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Unjust Enrichment (Counts 5-7).

The elements of an action for breach of contract are: "(1) the existence of a contract, (2) a breach of the contract, and (3) damages *resulting from* the breach." *Rollins, Inc. v. Butland,* 951 So.2d 860, 876 (Fla. 2d DCA 2006). "**Florida courts use breach of contract analysis to evaluate claims of breach of contract implied in fact and breach of the covenant of good faith and fair dealing**." *Resnick v. Avmed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012). The allegations in Plaintiffs' breach of contract claim variably refer to "investment contracts," (Complaint, ¶ 222, 224, 228) incorporating paragraphs 97-310, and an "implied contact," (Complaint, ¶ 343-44) on

14

which they base the claim. Without knowing the terms of the contract Defendants purportedly "materially breach express and implied terms of," (Complaint, ¶ 345) Reynoso Sr. cannot properly defend against Plaintiffs allegations. As such, Count 5 should be dismissed. The allegations in Count 6 mirror those in Count 5 and contain the same deficiencies. Since the analysis is the same, Count 6 should also be dismissed. To establish a cause of action for unjust enrichment, a plaintiff must show that "1) the plaintiff has conferred a benefit on the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *Resnick*, 693 F.3d at 1328. None of the allegations in Count 7 name Reynoso Sr. and all allegations are legal conclusions. As such, Count 7 should be dismissed.

### 2. Conversion/Theft/Embezzlement (Count 8)

Conversion is an "act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009). Conversion can occur where a party "wrongfully refuses to relinquish property to which another has the right of possession," and "may be established despite evidence that the defendant took or retained property based upon the mistaken belief that he had a right to possession, since malice is not an essential element of the action." *Id.* Count 8 claims that the Defendants "knowingly obtained or used, or endeavored to obtain or to use, Plaintiffs' property (i.e., the investment funds) with intent to permanently appropriate the property for the Defendants' own use and benefit through fraud and deceit." Complaint, ¶ 374. Count 8 does not make allegations against Reynoso Sr. None of the allegations assert that Reynoso Sr. ever knowingly obtained or used or endeavored to obtain or use Plaintiffs' investment funds with intent to permanently appropriate the investment funds for his own use and benefit. Consequently, Count 8 must be dismissed.

### 3. Intentional and Negligent Infliction of Emotional Distress (Counts 16-17)

Under Florida law, the elements of intentional infliction of emotional distress are:

> (1) the defendant's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized society; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

*Knezevich v. Carter*, No. 19-10769, 15-16 (11th Cir. Feb. 24, 2020). However, liability for intentional infliction of emotional distress has only been found "where the conduct has been so

outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metro Life Ins. Co. v. McCarson*, 487 So.2d 277, 278-79 (Fla. 1985). None of the allegations in Count 16 rise to this level. There are no allegations against Reynoso Sr., as Plaintiffs only make allegations as to all Defendants. Moreover, the allegations therein suffer from the same defect fatal as the others: they are nothing more than mere legal conclusions. Therefore, Count 16 fails as to Reynoso Sr.

A claim for negligent infliction of emotional distress under Florida law requires "mental or emotional harm (such as fright or anxiety) that is caused by the negligence of another and that is not directly brought about by a physical injury, but that may manifest itself in physical symptoms." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337-38 (11th Cir. 2012). **The damages involved in negligent infliction of emotional distress are emotional, <u>not economic</u>**. *Heinen v. Royal Caribbean Cruises Ltd.*, No. 19-13750, 6 (11th Cir. Mar. 30, 2020). Plaintiffs allege "emotional and economic damages because of the Defendants' actions." Complaint ¶ 497. However, all the allegations in the Complaint relate to financial losses stemming from purported investment agreements. Accordingly, all the losses alleged are economic and cannot serve as the basis of a claim for negligent infliction of emotional distress as pleaded. Therefore, Count 17 fails as to Defendant Juan Carlos Reynoso Sr.

    **4. Exemplary Punitive Damages (Count 18) is not an actionable claim in Florida.**

"Exemplary [punitive] damages are given solely as a punishment where torts are committed with fraud, actual malice, or deliberate violence or oppression, or when the defendant acts wilfully [sic], or with such gross negligence as to indicate a wanton disregard of the rights of others" *Adams v. Whitfield*, 290 So. 2d 49, 51 (Fla. 1974). However, "[a] claim for punitive damages is not a separate and distinct cause of action; rather it is auxiliary to, and dependent upon, the existence of an underlying claim." *See Liggett Group Inc. v. Engle*, 853 So.2d 434, 456 (Fla. 3d DCA 2003); *Soffer v. R.J. Reynolds Tobacco Co.*, 187 So. 3d 1219, 1221 (Fla. 2016); *Philip Morris U.S. Inc. v. Duignan*, No. 2D20-2714, 14 (Fla. 2d DCA May 5, 2023). As a result, Count 18 must be dismissed as a matter of Florida law.

    H.    <u>**Injunctive Relief and Accounting and Insurance (Counts 23-24)**</u>

A party moving for a temporary injunction must plead and establish "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction

16

may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Vital Pharm. v. Alfieri*, 23 F.4th 1282, 1290-91 (11th Cir. 2022). Based on the above discussions of the sufficiency of the pleadings in the Complaint, Defendants have failed to meet the extremely high burden required for a remedy as extraordinary and drastic as a preliminary injunction. As such, Count 23 fails. "To obtain an accounting under Florida law, then, a party must show either (1) a sufficiently complicated transaction and an inadequate remedy at law or (2) the existence of a fiduciary relationship." *Zaki Kulaibee Establishment v. McFliker*, 771 F.3d 1301, 1311 (11th Cir. 2014). Plaintiffs never allege the existence of a fiduciary relationship with Reynoso Sr. Plaintiffs also never allege there is an inadequate remedy at law. Consequently, Count 24 fails.

### III. ALTERNATIVELY, PLAINTIFFS SHOULD REPLEAD THEIR COMPLAINT.

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit defines a shotgun pleading as "[a complaint] asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. This is precisely what Plaintiffs do. A shotgun pleading violates Federal Rule of Civil Procedure 8(a)(2). *Barmapov*, *supra*, 986 F.3d at 1324. Further, "**district courts are flatly forbidden from scouring shotgun complaints to craft a potentially viable claim for a plaintiff**." *Id.* at 1328 (emphasis added). Instead, **district courts have a "'duty to define the issues at the earliest stages of litigation' by ordering the repleading of a shotgun complaint**." *Id. (emphasis added)*. Since the Complaint is a shotgun pleading and does not meet the requirements of Rule 8(a)(2), the Court must order the Plaintiffs to replead the Complaint so that Reynoso, Sr. can adequately defend against the allegations against him.

### IV. CONCLUSION

For the foregoing reasons, the Complaint should be dismissed as a matter of law. In the alternative, Plaintiffs should be ordered to replead.

### V. NO MEET AND CONFER REQUIREMENT

Pursuant to Local Rule 7.1(a)(3) this Motion is exempt from the meet and confer requirements.

Respectfully submitted,

/s/ George S. Savage
George S. Savage, Esq.
Florida Bar No. 051772
**THE SAVAGE LAW GROUP, P.A.**
2030 South Douglas Road, Suite 214
Coral Gables, Florida 33134
Telephone: (305) 577-0000
E-Service: gss@savagelaw.net
*Counsel for Defendant Juan Carlos Reynoso Sr.*