## IN THE UNITED STATES DISTRICT COURT FOR
## FOR THE SOUTHERN DISTRICT OF MIAMI

CIVIL CASE NO.: 1:24-CV-23359-KMW

_____

UNITED INVESTOR COMMUNITY, INC.,
LYADUNNI UDUGBA
OLUNGBENGA BERNARD ADESUYI
(Individually and on behalf of all others
similarly situated).


        Plaintiffs,


-against-


OMEGAPRO FOREX TRADING, LTD
GO-GLOBAL, LTD
HIS HIGHNESS SHEIKH HAMDAN
BIN MOHAMMED BIN RASHID
AL MAKTOUM (CROWN PRINCE
OF DUBAI)
UNITED ARAB EMIRATE
CITY OF DUBAI
BROKER GROUP, LTD
PULSE WORLD
SZAKACS ANDREAS ATTILA
NEVZAT DIKMEN
RIITTA DIKMEN
DILAWARJIT SINGH
NADER POORDELJOO
PAULO TUYNMAN
JUAN CARLOS REYNOSO SR.
MICHAEL SHANNON SIMS
OMEGA WORLD, LTD
NEPTUNE TRADE, LTD
OMP MONEY, LTD
OMP EXCHANGE
MELDI CHERIF
MICHAEL LETYNSKI
ROBERT VELGHE
KONSTANTIN IGNATOV
BOGDAN S. BARBU
ZXN INVESTMENT HOLDING, LTD
STEPHANE PLANTE
NICK LEMAY
JOHN BELFORT

ERIC THOMAS
JOHN C. MAXWELL
CHRISTOPHER HAMILTON
ONE COIN
RUJA IGNATOVA
PAULO TUYMAN
OMNIA TECH
RODRIGUES SODANSOU
LAURENT LOUIS
ALI KHALIL
ERIC WORRE
MARINA WORRE
JORDAN ROSS BELFORT
STEVEN SEAGAL
TRADERS DOMAIN FOREX, LTD
MARCUS TODD BRISCO
ALGO CAPITAL, LLC
YAS CASTELLUM, LLC
YAS CASTELLUM FINANCIAL, LLC
TIN QUOC TRAN
FRANCISCO DAVID STORY
SAEG CAPITAL MANAGEMENT
FREDERICK "TED" SAFRANKO AKA
TEDDY JOSEPH SAFRANKO
ROBERT D. COLLAZO JR.
JUAN HERMAN
JORGE SALCEDO
ROBERT COLLAZO JR.,
JUAN HERMAN
JULIO CESAR CRUZ
JULIAN CRUZ
HOLTON BUGGS
JOHN DOE 1 TO 1,000

                              Defendants
_____/

## SPECIAL APPEARANCE OF DEFENDANTS ERIC WORRE AND MARINA WORRE AND JOINT REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT WITH MEMORANDUM OF LAW

COMES NOW, Specially Appearing Defendants Eric Worre and Marina Worre, by and

through their counsel Richard A. Schonfeld, Esq., and Robert Z. DeMarco, Esq., of the law

offices of Chesnoff & Schonfeld, and hereby file their Special Appearance and Joint Reply to

Opposition to Motion to Dismiss Pursuant to Rules 12(b)(6), 12(b)(2) and 12(b)(1) for failing to state a claim against them under RICO, failing to state a claim against them under Florida law, failing to meet the rule 9(b) specificity requirements for fraud claims, for lack of subject matter jurisdiction on the state law claims, for lack of diversity jurisdiction on the state law claims, for lack of personal jurisdiction, and for violating the statute of limitations.

This Special Appearance and Joint Reply is made and based upon the papers and pleadings on file herein, the attached Memorandum of Points and Authorities and any oral argument which may be heard.

DATED this 13th day of November, 2024.

Respectfully Submitted:

_____/s/ Robert Z. DeMarco_____
Robert Z. DeMarco, Esq.
Richard A. Schonfeld, Esq.
CHESNOFF & SCHONFELD
520 S. Fourth St.
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
Facsimile: (702) 598-1425
rschonfeld@cslawoffice.net

# TABLE OF CONTENTS

**PAGE**

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

1.    Plaintiffs' Complaint Fails to State Plausible Federal and Florida RICO Claims . . . . . . . 1

2.    Plaintiffs' RICO Claims are Not Adequately Pled . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       a.    Operating and Managing/Enterprise . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

       b.    Pattern of Racketeering/Predicate Acts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       c.    Continuity . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       d.    Causation and Injury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

       e.    RICO Conspiracy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

3.    Plaintiffs' Federal RICO Claims are Barred by the Securities Fraud Exception . . . . . . . . 6

4.    Lack of Subject Matter and Personal Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5.    Plaintiffs' Failure to State a Claim on Each State Law Cause of Action . . . . . . . . . . . . . 8

       a.    Cause of Action Number 5, Breach of Implied Contract . . . . . . . . . . . . . . . . . . 8

       b.    Cause of Action Number 6, Breach of Implied Covenant of Good Faith and Fair Dealing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

       c.    Cause of Action Number 7, Unjust Enrichment . . . . . . . . . . . . . . . . . . . . . . . . . 8

       d.    Cause of Action Number 8, Conversion/Theft/Embezzlement . . . . . . . . . . . . . 8

       e.    Cause of Action Number 9, Common Law Fraud and Cause of Action Number 10 Intentional Misrepresentation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

       f.    Cause of Action Number 16, Intentional Infliction of Emotional Distress and Cause of Action Number 17, Negligent Infliction of Emotional Distress . . . . . . . 9

       g.    Cause of Action Number 18, Punitive Damages . . . . . . . . . . . . . . . . . . . . . . . . . 9

       h.    Cause of Action Number 19, Statutory Claim for Fraudulent Conveyance . . . . . . 9

    i.      Cause of Action Number 20, Violation of Florida General Business Law and Cause of Action Number 21, Commodities Fraud/Cause of Action Number 22, Failure to Register/Cause of Action Number 23, Injunctive Relief/Causes of Action Number 24, Accounting and Insurance, 26 Aiding and Abetting Fraud, 27 Jury Demand . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    j.      Statute of Limitations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**TABLE OF AUTHORITIES**

PAGE

**CASES**

*Am. Dental v. Cigna Corp.*,
605 F.3d 1283, 1291 (11th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Amalgamated Bank of New York v. Marsh*,
823 F. Supp. 209 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Baumer v. Pachl*,
8 F.3d 1341, 1343–45 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bald Eagle Area Sch. Dist. v. Keystone Fin., Inc*
189 F.3d 321, 329-30 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*,
527 F.Supp.2d 1355, 1363 (M.D.Fla.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Brooks v. Blue Cross & Blue Shield of Fla., Inc*.,
116 F.3d 1364, 1381 (11th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Burger King Corp. V. Weaver*,
169 F.3d 1310, 1315 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Cohen v. Feiner*, No. 18 C 7328,
2019 WL 1787527, at *3 (N.D. Ill. Apr. 24, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Coquina Investments v. TD Bank N.A.*
760 F.3d 1300 (11th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Country Club of Miami Corp. v. McDaniel*,
310 So.2d 436, 437 (Fla. 3d DCA 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Daedalus Capital LLC v. Vinecombe*,
625 F. App'x 973, 976 (11th Cir. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*H.J. Inc. v. Nw. Bell Tel. Co.*,
492 U.S. 229, 241 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

*Holmes v. Sec. Investor Prot. Corp*,
503 U.S. 258, 268 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

-vi-

*Lavastone Cap. LLC v. Coventry First LLC*, No. 14-CV-7139 JSR,
2015 WL 4940471, at *7 (S.D.N.Y. July 30, 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Liggett Group Inc. v. Engle*,
853 So.2d 434, 456 (Fla. 3d DCA 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Magnifico v. Villanueva*,
783 F. Supp. 2d 1217, 1227 (S.D. Fla. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Morin v. Trupin*,
832 F. Supp. 93 (S.D.N.Y. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Philip Morris USA, Inc. v. Hallgren*,
124 So. 3d 350, 355 (Fla. Dist. Ct. App. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*SEC v. Unique Fin. Concepts, Inc.*,
196 F.3d 1195 (11th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*SEC v. WJ. Howey Co.*,
328 U.S. 293 (1946) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Williams v. Ford Motor Co.*,
980 F. Supp. 938, 942-43 (N.D. Ill. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**STATUTES/RULES**

Florida Racketeering Act 408(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

FRCP 9(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2, 4

Florida Statute Tile XLVL, Section 895.03 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**UNITED STATES CODES**

18 U.S.C. § 1341 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1343 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1956 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

18 U.S.C. § 1957 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

1.    **Plaintiffs' Complaint Fails to State Plausible Federal and Florida RICO Claims:**

The Plaintiffs have attempted to rewrite their Complaint by way of their Opposition to the Motion to Dismiss.  This is an exemplification of why the Motion should be granted.  For example, the Plaintiffs assert that the Complaint "details the misrepresentations made by the Worre Defendants (and others) to promote the OmegaPro Enterprise as a legitimate, licensed platform, including false promises of a 15% monthly return and 200% total annual return..."  See Opposition at p. 2.  No such assertion is in the Complaint. The name "Worre" appears only in the following paragraphs: 74, 75, 165, 166, 167, and 176.  None of those paragraphs have a single alleged representation or misrepresentation by the Worres.

The Plaintiffs then assert that the Complaint complies with the particularity requirements of FRCP 9(b) outlining alleged claims made against the "Worre Defendants" on pages 2 -3 of their Motion.   However, the reality is that the paragraphs referenced by the Plaintiffs in their Opposition (169, 170, 239, 162, and 128[1]) are assertions such as:

Paragraph 169:  "To assure investors that their new scheme was legitimate and compliant with all applicable laws, Defendants made material misstatements about OmegaPro's licenses and registrations."

Paragraph 170: "From 2020 through January 2022, OmegaPro's slide deck stated that OmegaPro was a "legally Registered Hedge Fund company."

Paragraph 239: "In connection with the offer or sale of these securities, Omegapro, and the individual defendants and John Doe 1-500 made, or caused to be made, untrue statements of material fact and material omissions to investors and potential investors, including but not limited to the following..." (Apparently up to 500 people made the same statement(s) on some undisclosed date, time and location).

Paragraph 162: "Defendants used social media such as Facebook, YouTube, WhatsApp, Telegram groups, Instagram and Zoom meetings, in-person meetings, and other means to promote OmegaPro."

---

[1]The Plaintiffs also cite paragraphs 249, 154, 186, 192, and 193 which only generally refer to alleged conduct that was part of the basis for the Complaint, and do not refer to either Mr. or Mrs. Worre or any specific alleged statement or misstatement.

1

Paragraph 128: "All the individual Defendants named herein promoted OmegaPro to investors through emails and Zoom calls, where they presented slides promising a monthly return of 15% and a 200% return on investment..."

The allegations cited by the Plaintiffs are a far cry from what is required under FRCP 9(b). Plaintiffs have also ignored the law[2].

## 2.    Plaintiffs' RICO Claims are Not Adequately Pled:

The Plaintiffs assert that they have adequately pled the elements of operation and management of the enterprise, the existence of an enterprise, a pattern of racketeering or predicate acts, continuity, causation and injury.  See Opposition page 3.  The Plaintiffs reach this conclusion relying upon *Coquina Investments v. TD Bank N.A.* 760 F.3d 1300 (11th Cir. 2014). The *Coquina Investments* case involved an appeal from a trial verdict related to a ponzi scheme. The case had nothing to do with FRCP 9(b) particularity in asserting a claim under RICO.

### a.    Operating and Managing/Enterprise:

The Plaintiffs assert in their Opposition that the Complaint alleges that "each Worre Defendant directly participated in the management of OmegaPro and was directly involved in the day-today operations..."  See Opposition page 5.  The Complaint has no such allegations. The Plaintiffs cite paragraphs 240 and 273.  Those paragraphs, when fully quoted, state as follows:

Paragraph 240: Each Individual and Corporate Defendant directly participated in the management of OmegaProFX and was directly involved in the day-to-day operations of the

---

[2] See i.e. *Bray & Gillespie Mgmt. LLC v. Lexington Ins. Co.*, 527 F.Supp.2d 1355, 1363 (M.D.Fla.2007) (Complaints against multiple defendants cannot lump together all of the defendants in their allegations of fraud); *Am. Dental v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (Plaintiffs must allege facts with respect to each defendant's alleged participation in the fraud); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997) (As the most basic consideration rooted in Rule 9(b) is fair notice, a plaintiff who pleads fraud is required to provide reasonable notice to the defendants regarding their alleged role in the scheme).

Company at the highest levels.

Paragraph 273: At all relevant times, beginning on or around June 2018 and continuing through the Present, the Defendants knowingly and willfully conducted or participated, directly or indirectly, in the conduct of the affairs of the Omegapro Enterprise Ponzi Scheme and did so through a pattern of racketeering activity, i.e., mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343), money laundering (18 U.S.C. § 1956), and improper use of proceeds derived from racketeering activities (18 U.S.C. § 1957).

Those paragraphs lump all Defendants together, do not specify what conduct Mr. and/or Mrs. Worre engaged in, and do not come close to the requisite pleading standards for Operation and Management allegations.  Courts routinely dismiss Complaints with far greater allegations than those in this Complaint (which are conclusory and lump all Defendants together)[3].

Similarly, as to the Enterprise, there is no allegation that Mr. or Mrs. Worre are owners of any of the Corporate Defendants, and no relationship to the alleged Enterprise has been pled.

---

[3]See i.e. *Baumer v. Pachl*, 8 F.3d 1341, 1343–45 (9th Cir. 1993) (attorney who helped prepare letters and partnership agreement, and assisted in a bankruptcy proceeding, did not meet *Reves*['] "operation or management" test, as he held no "formal position in the limited partnership" and did not "play any part in directing the affairs of the enterprise"); *Morin v. Trupin*, 832 F. Supp. 93 (S.D.N.Y. 1993) (holding that law firm's power to induce management to take certain actions was not equivalent to power to conduct or participate directly or indirectly in conduct of affairs of those corporations); *Amalgamated Bank of New York v. Marsh*, 823 F. Supp. 209 (S.D.N.Y. 1993) (holding that defendant that allegedly permitted bank to deposit embezzled funds into its own account did not conduct or participate in the operation or management of the bank's affairs for RICO purposes); *Lavastone Cap. LLC v. Coventry First LLC*, No. 14-CV-7139 JSR, 2015 WL 4940471, at *7 (S.D.N.Y. July 30, 2015) (the plaintiff's evidence of generalized statements that the defendant was a leader who made decisions and set guidelines and exercised authority to approve certain transactions was insufficient to meet the operation or management test when there were no allegations that the defendant understood "the alleged conspiracy's general nature and was aware that her actions went beyond her 'individual role' "); *Williams v. Ford Motor Co.*, 980 F. Supp. 938, 942-43 (N.D. Ill. 1997) (an automobile dealership did not participate in the operation or management of an automobile manufacturer that was claimed to be a RICO enterprise in a case arising from an alleged scheme to defraud purchasers of an extended warranty purchase plan; although the dealership processed plan applications, charged an inspection fee, and conducted repair work, it was an outsider that did not exert control over the manufacturer's affairs).

3

The Complaint is deficient as to the Enterprise.

      **b.**    **Pattern of Racketeering/Predicate Acts:**

The Plaintiffs ignore the fact that not a single actual predicate act is alleged, nor are there any details of who committed the act, when it was committed, or how it was committed. Instead, the Plaintiffs refer back to their section of the Opposition regarding alleged particularity to the fraud pleadings. The Complaint is not saved by the Plaintiffs attempt to rewrite the allegations.

While the Plaintiffs can (and have at page 7) argue that they detailed "the times, places, content, and methods of those statements, along with the Worre Defendant's intent to deceive investors" one can only scratch their head as to where those allegations are in the Complaint.[4]

      **c.**    **Continuity:**

The Plaintiffs refer the Court back to their attempted rewritten paragraphs of the Complaint (vs. what the Complaint actually says). The Plaintiffs then refer to their boilerplates "predicate acts" for which the factual allegations underpinning such claims are non-existent.

The Plaintiffs ignore the fact that their Complaint, with no factual support, pled both open-ended and closed-ended continuity for the same alleged conduct. *See* ¶¶280-281. Now, without a single reference to an actual allegation in the Complaint, the Plaintiffs have concluded that they are pursuing closed-ended continuity[5]. The Plaintiffs assert that paragraphs 128, 154,

---

    [4]"To prove a pattern of racketeering activity, the plaintiffs 'must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity.' " *Magnifico v. Villanueva*, 783 F. Supp. 2d 1217, 1227 (S.D. Fla. 2011) ("To survive a motion to dismiss, RICO claims based solely on fraud-related predicate acts such as mail, wire, or immigration document fraud, must be plead with particularity," and to "satisfy Federal Rule of Civil Procedure 9(b), the 'plaintiffs must allege (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiffs; and (4) what the defendants gained by the alleged fraud'").

    [5]Closed-ended continuity refers to 'a closed period of repeated conduct.' " *Daedalus Capital LLC v. Vinecombe*, 625 F. App'x 973, 976 (11th Cir. 2015); *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229,

162, 168-170, 186, 190-193, 239-240, 243-249, and 273-278 include a series of predicate acts from 2019 to 2022 all connected to the Worres' ongoing operation and management of the enterprise.  See Opposition p. 7.  These are the same allegations, many of which Plaintiffs attempted to rewrite in their Opposition, that do not reference the Worres and are addressed in the portion above related to failure to state a claim.  Moreover, the paragraphs cited have conflicting dates for the alleged closed-ended continuity[6].

> **d.     Causation and Injury:**

The Plaintiffs must plead a direct causal relationship between their alleged injury and the violation of the RICO statute.  *Holmes v. Sec. Investor Prot. Corp*, 503 U.S. 258, 268 (1992).  For the reasons stated above, the Plaintiffs' assertions fail.

> **e.     Rico Conspiracy:**

In response to this section of the Motion the Plaintiffs assert that their Complaint alleged that Mr. and Mrs. Worre agreed to the overall objectives of the conspiracy, and further agreed to the commission of at least two predicate acts.  See Opposition p. 8.  The Plaintiffs then cite paragraphs 325-328 of the Complaint[7].  Those paragraphs lump the Defendants together and utterly fail to meet the particularity requirements of Rule 9.

---

241 (1989)**.**  Single schemes with a specific objective and a natural ending point can almost never present a threat of continuing racketeering activity." *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 257 (1989)*.*

[6]The Opposition claims that the close-ended continuity was from 2019-2022.  The paragraphs cited include conclusory allegations for the time periods of "2022 through January 2022" (paragraph 170), "August 2019 through April 2022" (paragraph 192), and "June 2018 and continuing through the Present" (paragraph 273).

[7]Those paragraphs, in a conclusory manner, state "Upon information and belief, the Defendants agreed to the overall objectives of the conspiracy..." and "Defendants agreed to the commission of at least two predicate acts. Specifically, they agreed to engage in: (i) a scheme to defraud by transmitting or causing to be transmitted writings, signs, signals, pictures, or sounds in interstate or foreign commerce through the use of the mails and wires..."

**3.  Plaintiffs' Federal RICO Claims are Barred by the Securities Fraud Exception:**

The Plaintiffs assert, without authority, that the Securities Fraud Exception only applies to investment contracts. However, the Securities Fraud Exception is not limited to investment contracts and even if it were, the Complaint references investment contracts four times and allegations of the unlicensed sale of securities in 10 paragraphs (outlined below)[8].

The Plaintiffs cite *SEC v. WJ. Howey Co.*, 328 U.S. 293 (1946) and *SEC v. Unique Fin. Concepts, Inc.*, 196 F.3d 1195 (11th Cir. 1999) related to "investment contracts". Those cases set forth a three part test to determine whether or not an investment amounted to an "investment contract". Those cases did not even address the Securities Fraud Exception, which is not limited to "investment contracts". It is too late for the Plaintiffs to now claim that this Complaint does not allegedly involve securities. Moreover, leave to amend cannot be granted. *Bald Eagle Area Sch. Dist. v. Keystone Fin.*, *Inc* 189 F.3d 321, 329-30 (3d Cir. 1999) ("Plaintiffs cannot artfully plead around the securities fraud exception to RICO....Consequently, a plaintiff cannot avoid the RICO amendment's bar by pleading mail fraud, wire fraud and bank fraud as predicate offenses in a civil RICO action if the conduct giving rise to those predicate offenses amounts to securities fraud.").

The Court in *Cohen v. Feiner*, No. 18 C 7328, 2019 WL 1787527, at *3 (N.D. Ill. Apr. 24, 2019) analyzed this very issue. The Court noted:

---

[8]Paragraph 222 asserts that "Defendant OmegaPro issued, offered, promoted, and sold investment contracts to investors in Florida." Paragraph 224 asserts that "Defendants Andreas Szakacs, Michael Shannon Sims, and each and every defendant named above received payments in the form of recruitment bonuses for offering for sale to investors investment contracts for Omegapro." Paragraph 228 asserts that "Beginning at least as early as 2019, Omegapro offered and sold securities in the form of investment contracts in the United States through general solicitations on its website. OmegaPro referred to these investment contracts as "Packages."

In short, Plaintiffs themselves classify Defendants' actions as a Ponzi scheme where Defendants "dangled promises of substantial profits in return for an initial investment in order to lure in potential victims." *Id*. at ¶ 2. The common thread through each of the investments is Plaintiffs' consistent allegation that Feiner would make fraudulent representations to induce investors and then treat the investment as his "personal piggy bank." *Id*. at ¶ 44. "[C]onduct undertaken to keep a securities fraud Ponzi scheme alive is conduct undertaken in connection with the purchase and sale of securities." *Bald Eagle*, 189 F.3d at 330. Regardless of whether the alleged wrongful behavior is classified as a Ponzi scheme, claims alleging fraudulently marketed investments followed by the improper management and sale of investment assets squarely sound in securities fraud.

In this instance, the Plaintiffs have expressly plead that the fraud is securities based[9].

 The Complaint should be dismissed with prejudice as leave to amend would be futile.

**4.      Lack of Subject Matter and Personal Jurisdiction:**

The Plaintiffs effectively concede that if the RICO claims are dismissed, the remainder of

the case should be dismissed for lack of subject matter and personal jurisdiction.

---

[9]Plaintiffs's Complaint alleged, under the Florida Racketeering Act, at paragraph 408(a) "In connection with the rendering of investment advice or in connection with the offer, sale, or purchase of any investment or security in OMEGAPRO as defined by article 895.03, directly or indirectly, the Defendants employed devices, schemes, or artifices to defraud, in violation of Florida Statute Tile XLVL, Section 895.03." Paragraphs 409, 429(a), 430, 454(a), and 455 make similar allegations related to securities. Paragraph 175 asserts "OmegaPro had no licenses or registrations to solicit investments or to trade on behalf of investors and was not registered with FINRA, the SEC, or any state securities regulators." Paragraph 219 asserts "OmegaPro "trading" packages were securities under Florida laws." Paragraph 221 asserts "Under Florida State law, a dealer is a person or entity that is engaged in the business of selling securities..." Paragraph 222 asserts "Defendant OmegaPro issued, offered, promoted, and sold investment contracts..." Paragraph 223 asserts that "Defendants OmegaPro and the individual defendants were dealers under Florida law and issued, promoted and sold securities..." Paragraph 226 asserts that "As dealers and salespersons of securities under Florida law, Defendants were required to file a registration statement..." Paragraph 228 asserts "Beginning at least as early as 2019, Omegapro offered and sold securities in the form of investment contracts..." Paragraph 238 asserts "The Packages offered by Omegapro were securities..." Paragraph 239 asserts "In connection with the offer or sale of these securities, Omegapro, and the individual defendants and John Doe 1-500 made, or caused to be made, untrue statements of material fact and material omissions..." The Plaintiffs even referred to their litigation as "securities litigation." See paragraph 254.

5.      **Plaintiffs Failure to State a Claim on Each State Law Cause of Action:**

    a.      **Cause of Action 5, Breach of Implied Contract**:

Here the Plaintiffs again attempt to rewrite the Complaint.  The Plaintiffs assert that paragraphs 342-349 provide the factual allegations of an implied contract on the part of Mr. and Mrs. Worre.  Those paragraphs assert that every single Defendant apparently entered into the same implied contract with the Plaintiffs.  The allegations are clearly deficient.

    b.      **Cause of Action Number 6, Breach of Implied Covenant of Good Faith and Fair Dealing**:

The Plaintiffs assert that the Implied Covenant of Good Faith and Fair Dealing applies to an implied contract.  Plaintiffs rely upon *Burger King Corp. V. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999).  There is no such holding in that case. Rather, in that case the Court found that the implied covenant applied to an express contract.

    c.      **Cause of Action Number 7, Unjust Enrichment:**

The Plaintiffs effectively concede that there were no allegations against Mr. or Mrs. Worre related to receiving and retaining a benefit.  Instead, the Plaintiffs assert that under conspiracy liability, a claim for unjust enrichment can be maintained. While that may be a correct statement of the law, that does not change the fact that the Complaint does not allege the facts to support any such claim.

    d.      **Cause of Action Number 8, Conversion/Theft/Embezzlement:**

The Plaintiffs ask the Court to liberally construe their pleading, with non-existent allegations of Mr. or Mrs. Worre exercising dominion over funds, and allow the claim to stand. There are no allegations in the Complaint to support this claim against the Worre Defendants.

8

Additionally, the Plaintiffs acknowledge that they did not allege felonious intent.  Instead, they argue that intent can be inferred from a defendant's conduct.  However, as stated throughout the Motion and this Reply, there are no allegations against Mr. or Mrs. Worre regarding conduct.  Moreover, the cases cited by the Plaintiffs are criminal cases where the Court declined to reverse a conviction, instead finding that intent could be inferred from the defendant's conduct.

> **e.    Cause of Action Number 9, Common Law Fraud and Cause of Action Number 10 Intentional Misrepresentation:**

The Plaintiffs rely upon their arguments related to the other fraud/RICO claims.  Accordingly, the above stated sections address this portion of this Opposition.

> **f.    Cause of Action Number 16, Intentional Infliction of Emotional Distress and Cause of Action Number 17, Negligent Infliction of Emotional Distress:**

The Plaintiffs all but concede that they have not plead facts to support the elements of this claim, and instead suggest that the facts be inferred from the overall allegations in the Complaint.  That fails to meet requisite pleading standards and should therefore be dismissed.

> **g.    Cause of Action Number 18, Punitive Damages:**

The Plaintiffs do not address the law that provides a claim for punitive damages is "not a separate and distinct cause of action but is auxiliary to, and dependent upon, the existence of an underlying claim." *See Liggett Group Inc. v. Engle*, 853 So.2d 434, 456 (Fla. 3d DCA 2003); *see also Country Club of Miami Corp. v. McDaniel*, 310 So.2d 436, 437 (Fla. 3d DCA 1975); *Philip Morris USA, Inc. v. Hallgren*, 124 So. 3d 350, 355 (Fla. Dist. Ct. App. 2013).

> **h.    Cause of Action Number 19, Statutory Claim for Fraudulent Conveyance:**

The Plaintiffs once again want to rewrite the Complaint to include allegations that are non-existent.  Plaintiffs also fail to meet the particularity requirement of this fraud claim.  This claim must be dismissed.

**i.      Cause of Action Number 20, Violation of Florida General Business Law and Cause of Action Number 21, Commodities Fraud/Cause of Action Number 22, Failure to Register/Cause of Action Number 23, Injunctive Relief/Causes of Action Number 24, Accounting and Insurance, 26 Aiding and Abetting Fraud, 27 Jury Demand:**

The Plaintiffs have not even attempted to provide a true basis for opposing the Motion as it relates to Causes of action 20-23 and the Plaintiffs fail to articulate how the FDUTPA applies to the allegations of failing to register securities.

The Plaintiffs fail to address the fact that injunctive relief requires a showing that there is a likelihood of future unlawful conduct, while at the same time alleging close-ended continuity. Those two positions are entirely inconsistent.  This cause of action must be dismissed.  The Plaintiffs failed to oppose these portions of the Motion.

**j.      Statute of Limitations:**

The Plaintiffs assert, incorrectly, that the Complaint provides the time period for each alleged act.  The reality is that none of the causes of action specify a date upon which the transaction occurred.  As a result, the Complaint must be dismissed**.**

**CONCLUSION:**

For the foregoing reasons, the Complaint should be dismissed.

DATED this 13th day of November, 2024.

Respectfully Submitted:

_____/s/ Robert Z. DeMarco_____
Robert Z. DeMarco, Esq.
Richard A. Schonfeld, Esq.
CHESNOFF & SCHONFELD
520 S. Fourth St.
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
Facsimile: (702) 598-1425
rschonfeld@cslawoffice.net

10

**CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served on

November 13, 2024, upon all counsel on the Service List below via email and/or another means

in accordance with the Federal Rules of Procedure.

Jolyon Wilson Morris
Morris Legal, LLC
2800 Biscayne Boulevard
Ste 530
Miami, FL 33137
wilm@morrislegalfla.com
Attorney for Plaintiffs

Ellyn S. Garofalo
Liner Freedman Taitelman & Cooley
1801 Century Park West, 5th Floor
Los Angeles, CA 90067
Egarofalo@ftllp.com
Attorney for Defendant
Jordan Ross Belfort

George Stuart Savage
The Savage Law Group, P.A.
2030 South Douglas Road
Suite 214
Coral Gables, FL 33134
gss@savagelaw.net
Attorney for Defendant
Juan Carlos Reynoso Sr.

Lee Stapleton
Carlton Fields
700 N.W. 1 Avenue
Ste 1200
Coral Gables, FL 33134
Lstapleton@carltonfields.com
Attorney for Defendant
Jordan Ross Belfort

Jacob Stephen Taylor
Clyde Snow & Sessions
201 South Main Street
Ste 2200
Salt Lake City, Utah 84111
jst@clydesnow.com
Attorney for Defendant
Francisco David Story

DATED this 13th day of November, 2024.

Respectfully Submitted:

_____/s/ Robert Z. DeMarco_____
Robert Z. DeMarco, Esq.
Richard A. Schonfeld, Esq.
CHESNOFF & SCHONFELD
520 S. Fourth St.
Las Vegas, Nevada 89101
Telephone: (702) 384-5563
Facsimile: (702) 598-1425

11