IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA - MIAMI DIVISION
CASE NO.: 1:24-cv-23359 - KMW

UNITED STATES INVESTOR
COMMUNITY INC., et al.,

      Plaintiffs,

-Against-

OMEGAPRO FOREX LTD et al.,

      Defendants.

### PLAINTIFF'S MOTION FOR AN ORDER AUTHORIZING ALTERNATE SERVICE OF PROCESS ON CERTAIN DOMESTIC AND FOREIGN DEFENDANTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(e) AND 4(f)(3).

Plaintiff, the United Investors Community Inc., hereinafter ("UIC") hereby moves this court for an order authorizing alternate service of process by (i) email, (ii) social media direct messaging such as Facebook and LinkedIn, (iii) FedEx International Mail with Return Receipt Requested, First Class US mail with Return Receipt Requested or (iv) publication under Federal Rules of Civil Procedure 4(f)(3) on the following domestic and foreign defendants:

- **Domestic Defendants**: Steven Seagal, Eric Thomas, John C. Maxwell, SAEG Capital Management, LP and Juan Herman, pursuant to Federal Rule of Civil Procedure 4(e), 4(f)(3) and for such other relief as this Court deems just and equitable.

- **Foreign Defendants** – Those identified on *Exhibit A* by alternative method of service described herein subject to the Hague Convention on process of service.

### STATEMENT OF FACTS

1. On August 31, 2024, Plaintiff, UIC filed a class action lawsuit against 67 domestic and

1

international defendants including two political subdivisions of the United Arab Emirates alleging several causes of actions based on Rico violations and other state violations. (ECF #1).

2. The complaint includes Defendants who reside in several countries including Turkey, United Arab Emirates, United Kingdom, Malta, Singapore, St. Lucia, British Virgin Islands, Nigeria, Canada, and Mexico. *See Exhibit A.*

3. On or about September 10, 2024, the Clerk of the Court issued over 30 summonses for both foreign and domestic defendants. (ECF #30).

4. On September 29, 2024, the clerk issued additional summonses for foreign and domestic Defendants for a total of 67 Defendants. (ECF # 39).

5. Prior to the issuance of the summonses, Plaintiff has retained a professional service of process provider to serve the domestic Defendants. All but five of the domestic defendants have not been served. The Plaintiff has done everything it could to serve those five domestic defendants who have thus far successfully evaded service.[1]

---

[1] **Domestic Defendant Steven Seagal** resides in New York and/or California and the process server attempted to serve him at least three times at both addresses, but each time his representatives refused to accept service on his behalf. His New York address is 16 Penn Plaza, New York, New York 10001. His California address is: 500 South Sepulveda Blvd. Suite 303, Los Angeles California, 90049.

**Domestic Defendant Eric Thomas** resides at 10708 Saddlebrook Drive, Grand Ledge, Michigan, the process server attempted service three times and each time the person inside refuse to answer the door. Each time, the process server went to that address there was a Black Escalade in the driveway registered to Thomas & Thomas Consulting a company owned and controlled by Defendant Eric Thomas.

**Domestic Defendant John C. Maxwell** resides at 4055 Heather wood way, Duluth, Georgia, our investigation reveals that he resides there but each time the process server went there to serve him, a person by the name of Jamie Jones informed the process server that he does not reside there. We have no other addresses for him.

**Domestic Corporate Defendant SAEG Capital Management, LP** is located at 15229 South Tall Woods Drive, Draper, Utah 84020. The server made several attempts and was unable to serve the Defendant.

6. Plaintiff retained and paid IFW Global, an international private intelligence and cyber investigations firm headquartered in Sydney, Australia to locate the physical addresses, email addresses and social media accounts of some of the domestic and foreign defendants. *(See Exhibit A)*. Despite Plaintiff's best efforts in making several attempts to serve the International Defendants, Plaintiff has been unable to serve them personally. In some instances, Plaintiff believes that Defendants have been evading service.

Since the filing of this lawsuit, the case has received considerable media coverage and people from many countries who have read about this lawsuit have reached out to counsel by telephone and email to be part of this lawsuit as member of the class. Thus far, over ten thousand people have either registered via the law firm website or reached out to the law firm to learn more about this lawsuit. Since the inception of this lawsuit Plaintiff has successfully served all but five of the Domestic Defendants.

## MEMORANDUM OF LAW

### A. Rule 4(e) Permits Alternative Service of Process

#### i. Service on Domestic Defendants

Federal Rules of Civil Procedure 4(e) of the Federal Rules of Civil Procedure permits

---

The investigation reveals a second address in California at 6600 Ambrosia Lane, Carlsbad, California 92011, and the server had made four attempts and each time unable to serve the Defendant.

**Domestic Defendant Juan Herman** resides in Hialeah Florida, and the server has made several attempts to serve him at his address and he has been evading service by refusing to answer the door.

3

alternative service of process when "personal service is not practicable" and the proposed alternative method is "reasonably calculated to give the Defendant notice of the action and an opportunity to be heard." Plaintiff has made good faith efforts to serve the Defendants through traditional means, but these efforts have been unsuccessful because the Defendants have been evading service of the complaint. Therefore, the only option is alternate service of process by Certified Mail, Return Receipt Requested.

Plaintiff proposed serving the domestic defendants by First Class US Certified Mail with Return Receipt Request, email, direct messaging through social media platform such as Facebook, and LinkedIn. This form of certified mail service at the Defendants addresses receipt by a reasonable adult is reasonably calculated to provide Defendant with actual notice of this lawsuit and an opportunity to be heard and defend their interests. Rule 4(e)(1) is the only subsection which could permit any of the forms of alternative service propose herein. Thus, determining whether Plaintiffs suggested forms of alternative service are appropriate requires an examination of the laws of the state where the defendant reside or (where this Court is located) or the laws of the State where service is effectuated. *Bolton v. Bosley, Inc.*, No. 13-CIV-60153, 2013 WL 3312227, at *2 (S.D. Fla. June 29, 2013) *("Under Rule 4(e)(1),* the criteria, for serving a summons is based on either the law of the state where service occurred or the law of the state where the district court is located.").

ii. **Alternate Service of Process By Certified Mail is Constitutionally Permissible And Appropriate Under the Facts of This Case.**

The Constitution does not mandate that service be done in any particular way. Due process considerations require only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present

4

their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). *See also TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A.*, 278 F.R.D. 687, 692 (S.D. Fla. 2010); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir.2002). Federal courts have allowed service by mail and even by electronic mail where a plaintiff demonstrates that the proposed service is likely to notify a defendant of the action. *See, e.g., Rio Props.*, 284 F.3d at 1017; *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 721 (N.D. Ga. 2000).

    iii.    <u>**Compliance With Rule 4(e) and 4(h) Alternate Service on Domestic Defendants**</u>

Since Rule 4(f) does not apply in the context of the domestic defendants, Plaintiffs must comply with either Rule 4(e) (for individuals) and 4(h) (for corporations). Rule 4(e) does not contain a subsection similar to Rule 4(f)(3)'s broad conferral of judicial discretion to endorse alternative forms of service. Rather, service under 4(e) may occur in the following manners:

(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;
    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*See* Fed R. Civ. P. 4(e)(1)-(2).

Rule 4(e)(1) is the only subsection which permit any of the forms of alternative service Plaintiff proposes. Thus, determining whether Plaintiff's suggested forms of alternative service are appropriate requires an examination of the laws of the State where service is effectuated. *Bolton v. Bosley, Inc.*, No. 13-CIV-60153, 2013 WL 3312227, at *2 (S.D. Fla. June 29, 2013) ("Under Rule 4(e)(1), the criteria, for serving a summons is based on either the law of the state where

service occurred or the law of the state where the district court is located."). Because (SAEG Capital Management, LP) is a corporation, service may be effectuated by one of this mean: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.] Fed. R. Civ. 4(h)(1)(A)-(B). Rule 4(h)(1)(A) cross-references Rule 4(e)(1)'s allowance that service may be made in accordance with State law.

Here, Plaintiff proposes to serve four individual domestic defendants, and one corporation located in five different states (New York, Michigan, Utah, Florida and Georgia) using either First Class Registered US Mail with Return Receipt Requested in addition to the other alternative form of service such as email, social media and/or publication.

### iv. The States of New York, Michigan, California, Georgia, Florida and Utah allow Alternate Service of Process proposed by the Plaintiff.

Under CPLR 308 (5), 312 (a) and 315-316 personal service on a defendant by mail and or publication are allowed.[2] Plaintiff has complied with the New York Civil Procedure Rules by

---

[2] Personal service on a natural person (CPLR 308) shall be made by one of the following methods: 1) Personal Delivery: (This is the highest form of personal service). Delivering the process within New York to the person to be served, or 2) Substituted Service (This type of substituted service is considered a form of personal service) (a two-step procedure) [First] Deliver the papers within New York to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode (place of residence) of the person to be served and [Second] by mailing the papers by first class mail to the person to be served at his or her last known residence or mailing them at his or her actual place of business. (See NOTE below) Serving an Agent: Delivering the process within New York to a designated agent for the service of process. CPLR 308(3). In divorce cases, neither this method, nor "nail and mail" service may be used. "Nail and Mail" service: If repeated, genuine attempts at personal and substituted service have failed, the papers may be served by using actual place of business, dwelling place, or usual place of abode within New York Sate of the person to be

attempting to serve the Defendant (Steven Seagal at his address in New York) in three prior occasions. Under New York Rules of Civil Procedure, this Court may order alternate service of process by certified mail. In fact, the Rules in New York allow service of process by first class mail. Michigan Court Rule 2.105 as amended through November 2024 allows Service of Summons and Complaint of Defendant Eric Thomas by mail.[3] Utah Rule 4 (d)(2) Service by mail or commercial courier service allows service of Corporate Defendant SAEG Capital Management, LP, by mail without any prior attempt to serve the defendant personally.[4] The State of Georgia

---

served and [Second] mail the process by first class mail to the person to be served at his or her last known residence or mail the process to such person at his or her actual place of business. See, CPLR 308(4). NOTE: The envelope used for the mailing (in second step of Substituted Service or the second step of nail and mail service) must be marked "PERSONAL AND CONFIDENTIAL" and must not indicate that the matter concerns a legal action against the person being served. The affidavit of service by "nail and mail" should describe in detail the prior attempts at personal service.

[3] (A) Individuals. Process may be served on a resident or non-resident individual by
    (1) delivering a summons and a copy of the complaint to the defendant personally; or
    (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).
(B) Individuals; Substituted Service. Service of process may be made
    (1) on a nonresident individual, by
        (a) serving a summons and a copy of the complaint in Michigan on an agent, employee, representative, sales representative, or servant of the defendant, and
        (b) sending a summons and a copy of the complaint by registered mail addressed to the defendant at his or her last known address;
    (2) on a minor, by serving a summons and a copy of the complaint on a person having care and control of the minor and with whom he or she resides;
    (3) on a defendant for whom a guardian or conservator has been appointed and is acting, by serving a summons and a copy of the complaint on the guardian or conservator;
    (4) on an individual doing business under an assumed name, by
        (a) serving a summons and copy of the complaint on the person in charge of an office or business establishment of the individual, and
        (b) sending a summons and a copy of the complaint by registered mail addressed to the individual at his or her usual residence or last known address.

[4] 4(d)(2) **Service by mail or commercial courier service.**

7

allows service of process of summonses and complaint of Defendant John C. Maxwell by mail and electronic mail as well.[5] Pursuant to Rule 1.070 of the Florida Rules of Civil Procedure, service

---

(A) The summons and complaint may be served upon an individual other than one covered by paragraphs (d)(1)(B) or (d)(1)(C) by mail or commercial courier service in any state or judicial district of the United States provided the defendant signs a document indicating receipt.

(B) The summons and complaint may be served upon an entity covered by paragraphs (d)(1)(E) through (d)(1)(I) by mail or commercial courier service in any state or judicial district of the United States provided defendant's agent authorized by appointment or by law to receive service of process signs a document indicating receipt.

(C) Service by mail or commercial courier service shall be complete on the date the receipt is signed as provided by this rule.

(3) Acceptance of service.

(A) Duty to avoid expenses. All parties have a duty to avoid unnecessary expenses of serving the summons and complaint.

(B) Acceptance of service by party. Unless the person to be served is a minor under 14 years old or an individual judicially declared to be incapacitated, of unsound mind, or incapable of conducting the individual's own affairs, a party may accept service of a summons and complaint by signing a document that acknowledges receipt of the summons and complaint.

(i) Content of proof of electronic acceptance. If acceptance is obtained electronically, the proof of acceptance must demonstrate on its face that the electronic signature is attributable to the party accepting service and was voluntarily executed by the party. The proof of acceptance must demonstrate that the party received readable copies of the summons and complaint prior to signing the acceptance of service.

[5] **Georgia Code Title 9. Civil Practice § 9-11-5**

(a) **Service--When required.** Except as otherwise provided in this chapter, every order required by its terms to be served, every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants, every written motion other than one which may be heard ex parte, and every written notice, appearance, demand, offer of judgment, and similar paper shall be served upon each of the parties. However, the failure of a party to file pleadings in an action shall be deemed to be a waiver by him or her of all notices, including notices of time and place of trial and entry of judgment, and all service in the action, except service of

pleadings asserting new or additional claims for relief, which shall be served as provided by subsection (b) of this Code section.

(b) **Same--How made.** Whenever under this chapter service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address or, if no address is known, by leaving it with the clerk of the court. As used in this Code section, the term "delivery of a copy" means handing it to the person to be served or leaving it at the person to be served office with a person in charge thereof or, if such office is closed or the person to be served has no office, leaving it at the person to be served dwelling house or usual place of abode with some person of suitable age and discretion residing therein. "Delivery of a copy" also means transmitting a copy via email in portable document format (PDF) to the person to be served using all email addresses provided pursuant to subsection (f) of this Code section and showing in the subject line of the email message the words "STATUTORY ELECTRONIC SERVICE" in capital letters. Service by mail is complete upon mailing. Proof of service may be made by certificate of an attorney or of his or her employee, by written admission, by affidavit, or by other proof satisfactory to the court. Failure to make proof of service shall not affect the validity of service.

(c) **Same--Numerous defendants.** In any action in which there are unusually large numbers of defendants, the court, upon motion or of its own initiative, may order that service of the pleadings of the defendants and replies thereto need not be made as between the defendants, and that any cross-claim, counterclaim, or matter constituting an avoidance or affirmative defense contained therein shall be deemed to be denied or avoided by all other parties, and that the filing of any such pleading and service thereof upon the plaintiff constitutes due notice of it to the parties. A copy of every such order shall be served upon the parties in such manner and form as the court directs.

(d) **Filing.** All papers after the complaint required to be served upon a party shall be filed with the court within the time allowed for service.

(e) **"Filing with the court" defined.** The filing of pleadings and other papers with the court as required by this chapter shall be made by filing them with the clerk of the court, except that the judge may permit the papers to be filed with him, in which event he shall note thereon the filing date and forthwith transmit them to the office of the clerk.

(f) **Electronic service of pleadings.**

  (1) A person to be served may consent to being served with pleadings electronically by:
   (A) Filing a notice of consent to electronic service and including the person to be served's email address or addresses in such pleading; or
   (B) Including the person to be served's email address or addresses in or below the signature block of the complaint or answer, as applicable to the person to be served.

9

of complaint and summons by mail are allowed under certain circumstances.[6] For example, the Defendant must be a Florida resident. In this case, Plaintiff wishes to serve Juan Herman by alternate service of process through First Class US Certified Mail with Return Receipt, and this form of service is allowed because Defendant Herman is a Florida resident residing in Hialeah, Florida.

---

(2) A person who is not an attorney may rescind his or her election to be served with pleadings electronically by filing and serving a notice of such rescission.

(3) If a person to be served agrees to electronic service of pleadings, such person to be served bears the responsibility of providing notice of any change in his or her email address or addresses.

(4) When an attorney files a pleading in a case via an electronic filing service provider, such attorney shall be deemed to have consented to be served electronically with future pleadings for such case at the primary email address on record with the electronic filing service provider. An attorney may not rescind his or her election to be served with pleadings electronically in cases that were initiated using an electronic filing service provider.

(5) If electronic service of a pleading is made upon a person to be served, and such person certifies to the court under oath that he or she did not receive such pleading, it shall be presumed that such pleading was not received unless the serving party disputes the assertion of nonservice, in which case the court shall decide the issue of service of such pleading.

[6] In Florida, service of a complaint and summons by mail is governed by Florida Rules of Civil Procedure 1.070.

Service by mail
- The plaintiff can mail a copy of the complaint and request for waiver of service by certified mail, return receipt requested.
- The request must include the court where the case is filed, the consequences of compliance and non-compliance, and the date the request was sent.
- The defendant has 20 days to return the waiver, or 30 days if they are outside the United States.
- The defendant is also given a copy of the notice and request, and a prepaid means of returning the waiver.
- Service by mail is complete when the letter is mailed.

Plaintiff has demonstrated that it has complied with the laws of the several states allowing service by mail under certain circumstances as described herein, therefore, this Court is empowered to order that service of summons and complaint maybe accomplished by First Class US Certified Mail with Return Receipt and by First Class Mail as allowed by the State.

### v. Alternate Service of Process on Foreign Defendants:

Federal Rule of Civil Procedure 4(f)(3) provides a district court with broad authority to order an alternate method of service to be effectuated upon foreign defendants, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendants. *See* Fed. R. Civ. P. 4(f)(3); *see also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Inc.,* No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (*citing Prewitt Enters. v. Org. of Petroleum Exporting Countries,* 353 F.3d 916, 921, 927 (11th Cir. 2003)). ("[D]istrict courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements."

Although two subsections precede Rule 4(f)(3), it "is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently on equal footing." *Rio Properties, Inc. v. Rio Intern. Interlink,* 284 F.3d 1007, 1015 (9th Cir. 2002). In other words, Rule 4(f)(3) contains no language limiting its availability to scenarios arising only after a plaintiff attempts service of process by other means. Indeed, Rule 4(f)(3) was "adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries." *Under Armour, Inc. v. 51nfljersey.com,* No. 13-62809-CIV, 2014 WL 644755, at *2 (S.D. Fla. Feb. 19, 2014) (emphasis added) (quoting *In re Int'l Telemedia Assoc., Inc.,* 245 B.R. 713, 719 (N.D. Ga. 2000)).

11

"[T]he decision to issue an order allowing service by alternate means lies solely within the discretion of the district court." *Chanel, Inc. v. Lin*, No. 08-23490-CIV, 2009 WL 1034627, at *1 (S.D. Fla. Apr. 16, 2009) (*citing Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921 (11th Cir. 2003) (holding that a "district court 'may' direct alternate means of service [under Rule 4(f)(3)]")); *see also Rio Properties, Inc.*, 284 F.3d at 1018 ("[W]e leave it to the discretion of the district court to balance the limitations of email service against its benefits in any particular case."). Once service of process is effectuated outside any judicial district of the United States, pursuant to Rule 4(f)(2) or (f)(3), proof is made "by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee." *Kipu Sys., LLC v.ZenCharts, LLC*, No. 17-24733-CIV, 2018 WL 8264634, at *1 (S.D. Fla. Mar. 29, 2018). In this case, Plaintiff request that this court allows it to serve all foreign defendants listed *Exhibit A* residing in a country that is not a signatory to the Hague Convention on process of service of summons and complaint to be served via alternative method described herein.

The 27 Defendants sought to be served by alternative means, reside in the following 10 countries only two of them (United Arab Emirates and Nigeria) are not signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

- Turkey (Member of the Hague Convention)

- Canada, (Member of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents)

- St. Lucia, (Member of the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents).

- United Kingdom, (Member of the Hague Convention on Service of legal documents)

- British Virgin Island, (Member of the Hague Convention on Service of Legal Documents)

- Mexico, (Member of the Hague Service Convention)

- Singapore (Member of the Hague Service Convention)

- United Arab Emirates (Not a member of the Hague Service Convention)

- Nigeria, (Not a member to the Hague Service Convention)

- Malta (Member of the Hague Service Convention)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court issue an order permitting alternative service of process on the Domestic and Foreign Defendants identified herein, in the manner set forth above.

Dated: March 3, 2025

Respectfully Submitted,

/s/ J. Wil Morris
J. Wil Morris, Esquire Attorney for Plaintiff
2800 Biscayne Blvd, Suite 530
Miami, Florida 33137
Telephone: 305-444-3437
Fax: 305-444-3457
Email: wilm@morrislegalfla.com
Florida Bar No.: 069493

## **CERTICIFCATE OF SERVICE**

I, Wil Morris, hereby certified that the foregoing Motion in opposition has been served to all the attorneys for the several Defendants who have appeared in this case via ECF on March 3, 2025.

/s/ J. Wil Morris