UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 24-CV-23359-WILLIAMS/GOODMAN

UNITED INVESTOR COMMUNITY, INC.,
*et al.*,

        Plaintiffs,

v.

OMEGAPRO FOREX TRADING LTD, et al.,

        Defendants.

_____/

ORDER STRIKING WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS

In this putative class action, United Investors Community, Inc. ("Plaintiff") seeks leave of court to serve process on certain domestic and foreign Defendants through alternative means. [ECF No. 139]. United States District Judge Kathleen M. Williams referred "all discovery disputes and non-dispositive pretrial motions" to the Undersigned. [ECF No. 29]. For the reasons discussed below, the Undersigned **strikes** Plaintiff's motion [ECF No. 139] **without prejudice and with leave to renew by no later than Thursday, March 13, 2025**.

Judge Williams provided Plaintiff with additional time (until March 3, 2025) to serve all remaining domestic Defendants. [ECF No. 122]. Plaintiff filed the instant motion

on the day of this deadline. Plaintiff's motion fails to acknowledge (let alone show good cause for failing to comply with) Judge Williams' 48-hour rule. *See* Judge Williams' Court Practices and Procedures (available at the Court's website: https://www.flsd.uscourts.gov/content/judge-kathleen-m-williams).

Moreover, the instant motion does not include a Rule 7.1 certification indicating that counsel has conferred with other parties in this case. The instant motion is not one of those motions exempted from the conferral requirement and there are some Defendants who are active in the case.

"Compliance with Local Rule 7.1(a)(3) is mandatory and serves an important purpose." *Hernandez v. Ticketmaster, LLC*, No. 18-20869-CIV, 2018 WL 2198457, at *3 (S.D. Fla. May 14, 2018). "The purpose of the rule is to ensure judicial economy and prevent courts from considering issues the parties could agree on independently, and to ascertain whether the Court need wait for a response from the opposing party before deciding the motion." *Aguilar v. United Floor Crew, Inc.*, No. 14-CIV-61605, 2014 WL 6751663, at *1 (S.D. Fla. Dec. 1, 2014).

Thus, **any refiled motion must demonstrate good cause for Plaintiff's failure to comply with Judge Williams' 48-hour rule and include a proper certificate of conferral**.[1] Additionally, any renewed motion must include the following:

---

[1] If the movant is unable to confer, then the Local Rule requires the movant to identify with specificity in the statement [of conferral] the reasonable efforts made to confer "including the date, time, and manner of each effort." S.D. Fla. L.R. 7.1(a)(3).

1.      Because Judge Williams gave Plaintiff a March 3, 2025 deadline for serving the domestic Defendants, it seems that implicit in Plaintiff's motion is a request for *another* extension of time to effectuate service of process. If this is the actual scenario (and it certainly seems to be), then Plaintiff should expressly concede the point, include case law setting forth the applicable legal standards for the extension of time, request a specific number of additional days in which to effectuate service of process, and show good cause why the service deadline should again be extended.

The Undersigned reminds Plaintiff that Judge Williams' Order states that: "All domestic defendants--including those in Hawaii--must be served **on or before March 3, 2025**. At that point, **all claims against any domestic defendant that has not been served will be dismissed. The Court will not grant any further extensions as to domestic defendants absent extraordinary circumstances.**" [ECF No. 122 (bold and underline emphasis in original; bold emphasis added)].

Any request for extension of time must meet this "**extraordinary circumstances**" standard. The Undersigned is less likely to find that this exacting standard is met if Plaintiff has, for instance, not engaged in any attempts to serve the domestic Defendants after entry of Judge Williams' Order. Thus, Plaintiff should highlight all efforts it has engaged in (and include dates) to serve the at-issue domestic Defendants between January 22, 2025 and the present.

2. Additionally, the instant motion states that Plaintiff attempted service on the five domestic Defendants at issue but does not provide the dates of the service attempts. For each of the five at-issue domestic Defendants, Plaintiff should list the dates/times and addresses of each service attempt.

It appears to the Undersigned that Plaintiff is seeking different means of alternative service for different domestic Defendants. It would be helpful to the Undersigned if Plaintiff were to include an embedded chart listing each domestic Defendant, the applicable state statute (citation only), and the proposed alternative means of service for that specific domestic Defendant. For each state, Plaintiff should include case law authorizing the proposed alternative method of service (as opposed to merely citing the state rule/statute).

3. The Undersigned is confused as to the relief requested by Plaintiff concerning the foreign Defendants. The motion states that "Plaintiff request [sic] that this [C]ourt allows [sic] it to serve all foreign defendants listed [sic] Exhibit A residing in a country that is not a signatory to the Hague Convention on process of service of summons and complaint to be **served via alternative method described herein**" [ECF No. 139, p. 12 (emphasis added)], but there are multiple means of alternative service described in the motion. So Plaintiff should specify *which* avenue(s) of alternative service it is seeking as to the foreign Defendants.

4

4. Additionally, Plaintiff states that "[t]he 27 Defendants[2] sought to be served by alternative means, reside in the following 10 countries **only two of them (United Arab Emirates and Nigeria) are not signatory [sic] to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents**." *Id.* (footnote and emphasis added). The Undersigned is confused as to which foreign Defendants listed in Exhibit A Plaintiff is seeking to serve by using alternative means.

Is Plaintiff seeking alternative means of service for only those foreign Defendants residing in the United Arab Emirates and Nigeria? Or is Plaintiff seeking alternative means of service for *all* Defendants listed in Exhibit A, in which case Plaintiff will need to address: (1) what efforts it has engaged in to date to comply with the Hague Convention; (2) why it cannot comply with the Hague Convention as to those foreign Defendants residing in signatory countries; and (3) why (with citations to pertinent legal authority) the Court should dispense with the requirements of the Hague Convention. If Plaintiff intends to comply with the Hague Convention as to those foreign Defendants residing in signatory countries, then why does it need leave of Court to do so?

For each foreign Defendant for which Plaintiff is seeking to serve through alternative means, Plaintiff should specify (and include dates) those efforts (if any) made to serve that foreign Defendant. If the answer is none, then Plaintiff should say so.

---

[2] Exhibit A [ECF No. 139-1] lists 26 Defendants (not 27).

Lastly, for the non-signatory countries (United Arab Emirates and Nigeria), Plaintiff should cite specific cases allowing alternative means of service concerning those countries. The black letter law / general case law on service of foreign defendants in pages 11–12 of its motion is not enough.

**DONE AND ORDERED** in Chambers, in Miami, Florida, on March 4, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Kathleen M. Williams
Counsel of Record