**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-23359-CIV-WILLIAMS/D'ANGELO**

**UNITED INVESTOR**
**COMMUNITY INC., et al.,**

      **Plaintiffs,**

**vs.**

**OMEGAPRO FOREX**
**TRADING LTD., et al.,**

      **Defendants.**

_____/

**REPORT AND RECOMMENDATION DENYING**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

    **THIS CAUSE** is before the Court on Plaintiffs United Investor Community, Inc., Lyadunni Udugba, and Olungbenga Bernard Adesuyi's Motion for Default Judgment against Defendants Algo Capital, LLC, Michael Shannon Sims, Holton Buggs, and Robert D. Collazo, Jr. filed on January 31, 2025 (DE 123).[1]  On February 10, 2025, Defendants Eric Worre and Marina Worre, appearing specially, filed their response in opposition (DE 124), and Plaintiffs did not file a reply.[2]  Having considered the Motion, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is respectfully recommended that Plaintiffs' Motion for Default Judgment against Defendants Algo Capital, LLC, Michael Shannon Sims, Holton Buggs, and Robert D. Collazo, Jr. be **DENIED**.

---

[1] On March 25, 2025, Plaintiffs' Motion was referred to the undersigned Magistrate Judge for a Report and Recommendation (DE 186).

[2] The Worre Defendants noted in the opposition their intention to "preserv[e] their challenge to personal jurisdiction" (DE 124 at 3).

## I.   PROCEDURAL BACKGROUND

On August 31, 2024, Plaintiffs filed their Class Action Complaint, spanning more than 100 pages against more than 100 defendants, including John Doe 1 to 1,000 (DE 1 at 1-2).  On March 5, 2025, Plaintiffs filed their First Amended Complaint, asserting twenty-six (26) claims: four claims for purported violations of the Racketeering Influenced and Corrupt Organization Act ("RICO"), in violation of Title 18, United States Code Sections 1961 and 1964, breach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, conversion/theft/embezzlement, fraud, intentional misrepresentation, civil conspiracy, use and income derived from racketeering activity under the Florida Racketeering Act, conduct of participation in an enterprise through a pattern of racketing under the Florida Racketeering Act, acquisition and maintenance of an interest or control of any enterprise under the Florida Racketeering Act, conspiracy to violate provisions of the Florida Racketeering Act, intentional infliction of emotional distress, negligent infliction of emotional distress, exemplary punitive damages, statutory claim for fraudulent conveyance, violation of Florida general business law, commodities fraud, failure to register a Florida general business, injunctive relief, accounting and insurance, failure to supervise, and aiding and abetting fraud (DE 143).

On September 11, 2024, Plaintiff served Defendant Algo Capital, LLC with a summons and the Complaint (DE 33) and served Defendant Robert D. Collazo, Jr. that same day (DE 36). About a month later, on October 16, 2024, Plaintiffs served Defendant Holton Buggs (DE 119). Next, on December 5, 2024, Plaintiffs served Defendant Michael Shannon Sims (DE 88). Defendants Algo Capital, LLC, Collazo, Jr., Buggs, and Sims have each failed to respond to the Complaint, answer, or otherwise defend themselves in this case.  The Court held a status conference in this matter on January 22, 2025 (DE 121).  Following the status conference, the

Court ordered that "[f]or any defaulting Defendants, Plaintiffs shall file motions moving for default on or before January 31, 2025" (DE 122 ¶ 1) (emphasis removed).  Complying with that Order, on January 31, 2025, Plaintiffs filed their Motion for Default Judgment against Defendants Algo Capital, LLC, Michael Shannon Sims, Holton Buggs, and Robert D. Collazo, Jr. (collectively, "Defaulting Defendants") (DE 123).  On February 10, 2025, Defendants Eric and Marina Worre, specially appearing, filed a response in opposition to Plaintiffs' Motion (DE 124).

## II.   <u>LEGAL STANDARD</u>

"The Federal Rules of Civil Procedure set forth a two-step process for a plaintiff to obtain a default judgment. First, the plaintiff must apply to the clerk for entry of default." *Murphy v. Stacy*, 809 F. App'x 677, 680 (11th Cir. 2020) (citing Fed. R. Civ. P. 55(a)).  "Second, after receiving the clerk's entry of default, if the plaintiff's claim is not for a sum certain and the defendant is not an infant or an incompetent person, then the plaintiff must apply for the court to enter a default judgment." *Id.* at 680-81 (citing Fed. R. Civ. P. 55(b)(2)).  "Entry of the default must precede entry of a default judgment." *Savoia-McHugh v. Glass*, 95 F.4th 1337, 1340 n.6 (11th Cir. 2024). "A court may not combine the two steps into one, and the clerk's entry of default must precede an application for default judgment." *Chery v. Alien Prop. Custodian*, No. 21-CIV-21956, 2021 WL 8055448, at *1 (S.D. Fla. Sept. 15, 2021), *report and recommendation adopted*, No. 21-CIV-21956, 2022 WL 765087 (S.D. Fla. Mar. 14, 2022).

"Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that following entry of a default judgment, a district court may conduct an evidentiary hearing 'to determine the amount of damages or to establish the truth of any averment by evidence . . . .'" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (quoting Fed. R. Civ. P. 55(b)(2)).  For "a default judgment there must be strict compliance with the legal prerequisites establishing the court's

power to render the judgment." *Varnes v. Loc. 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1369 (11th Cir. 1982).  "Furthermore, default judgments are disfavored. Courts prefer adjudication on the merits." *Id*.

### III.  **DISCUSSION**

Plaintiffs argue that the allegations in the Complaint clearly establish Defaulting Defendants' liability in this case (DE 123 at 5).  Plaintiffs explain that there is "substantial evidentiary support" for the allegations against Defaulting Defendants (*id.* at 6).  Specifically, Defaulting Defendants "together as a group, defrauded hundreds of thousands of investors worldwide out of over 10 billion dollars by promoting two consecutive fraudulent investment schemes" (*id.* at 7).  Plaintiffs also suggest that they are entitled to a class-wide default judgment (*id.* at 8).  In support of this argument, Plaintiffs claim that "[t]he class action complaint properly pled all the requirements for class certification under Rule 24 of the Federal Rules of Civil procedure" (*id.* at 13).[3]  Further, Plaintiffs contend that the case is appropriate for class relief, because "this action arises from a collective illegal action of the defaulting Defendants affecting hundreds of thousands of potential class members" (*id.*).  Plaintiffs explain that questions of law or fact predominate over any questions affecting only individual members, and that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (*id.* at 14).  As a result, Plaintiffs "request[] a monetary judgment of $50,000,000,000.00 (Fifty billion dollars) to be entered against the defaulted Defendants . . . on behalf of the class" (*id.* at 14).[4]

---

[3] Federal Rule of Civil Procedure 24 governs intervention as of right and permissive intervention. Rule 23 governs class actions.  *Compare* Fed. R. Civ. P. 23 *with* Fed. R. Civ. P. 24(a), (b).

[4] In their requested relief, Plaintiffs also request that Defaulting Defendants be enjoined and restrained from participating in other Ponzi schemes (DE 123 at 15).  Plaintiffs do not provide any case law to support their position that injunctive relief is appropriate as part of a default judgment.

The Worre Defendants "object to Plaintiffs seeking a class-wide default" (DE 124 at 3).  In support, the Worre Defendants contend that in cases where a default judgment has been entered without class certification, only the named Plaintiffs can recover damages (*id.* at 4).  The Worre Defendants argue that certification under Rule 23 is a procedural requirement for a class to recover any damages (*id.*).  They suggest that "[P]laintiffs have not met their burden and it is procedurally improper for them to seek class-wide default at this stage," where class certification has not been determined by the Court (*id.* at 5).

## A.  Plaintiffs Failed to Follow the Two-Step Procedure for a Default Judgment

At the outset, Plaintiffs' Motion is procedurally improper.  Plaintiffs do not state the date that they moved for a clerk's entry of default or when the clerk issued an entry of default in their Motion (*see generally* DE 123).  Upon an independent review of the docket, it does not appear that Plaintiffs ever moved for a clerk's entry of default.  This step must be done before a default judgment can be entered.  *See Murphy*, 809 F. App'x at 680 (explaining that a plaintiff must first seek a clerk's entry of default before applying to the Court for a default judgment).  Since there has been no clerk's entry of default, Plaintiffs' Motion for Default Judgment is procedurally improper.  *See Denizard v. Relic Inc.*, No. 14-CIV-714, 2014 WL 3053233, at *1 (M.D. Fla. July 7, 2014) ("Here, as there has been no entry of clerk's default, the motion for entry of default judgment is, at best, premature.").

Plaintiffs' Motion is also deficient, because it does not contain any affidavit or other evidence to demonstrate proof of the amount of damages.  While Plaintiffs suggest that an affidavit is attached to their Motion (*see* DE 123 ¶¶ 4, 7, 10, 13), no affidavit was attached.  Importantly, Plaintiffs bear the burden of proving their damages.  *See Zhejiang Dongri Imp. & Exp. Co. v. Neoptx LLC*, No. 20-CIV-60114, 2020 WL 13538689, at *1 (S.D. Fla. May 27, 2020) (explaining

5

that the plaintiffs bear the burden of providing damages in a default judgment). Nevertheless, courts in this Circuit have a duty to ensure that any damages award is supported by evidence. *See Anheuser Busch, Inc.*, 317 F.3d at 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters."). Plaintiffs have clearly failed to follow the appropriate procedure for obtaining a default judgment, and their Motion lacks the evidentiary support to survive scrutiny under Federal Rule of Civil Procedure 55(b)(2).

### B. Plaintiffs Have Not Demonstrated Proper Service of Process on all Defaulting Defendants

"To be entitled to a default judgment, a plaintiff bears the burden to establish proper service of the complaint on the defaulting party." *Youngturks LLC v. Individuals, Partnerships & Unincorporated Associations Operating Https://shopnavigo.com/ & Https://idriveshop.com/, Navigo Plus, LLC*, No. 23-CIV-1720, 2024 WL 639796, at *1 (M.D. Fla. Feb. 15, 2024). Plaintiffs have not shown that service of process was proper on the corporate Defaulting Defendant, Algo Capital, LLC. Under Rule 4, service of process on a corporation can be accomplished in two ways:

> [A] domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> > (1) in a judicial district of the United States:
> >
> > > (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> > >
> > > (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1)(A), (B). Rule 4(e)(1) allows for a corporate defendant to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction

in the state where the district court is located or where service is made . . . ."  Fed. R. Civ. P. 4(e)(1).  Under Florida law, "[a] domestic corporation or registered foreign corporation may be served with process required or authorized by law by service on its registered agent designated by the corporation . . . ."  Fla. Stat. § 48.081(2).  "If, after one good faith attempt, service of process on the registered agent fails, a person attempting to serve process may serve '[t]he chair of the board of directors, the president, any vice president, the secretary, or the treasurer of the domestic corporation.'"  *Danny's Fuel Corp. v. Brinks U.S.*, 395 So. 3d 546, 548 (Fla. Dist. Ct. App. 2024) (quoting Fla. Stat. 48.081(3)(a)).

The affidavit of service for Defendant Algo Capital, LLC states that Plaintiffs served "Jane Doe . . . as co-resident of Robert D. Collazo Jr. as President for Algo Capital LLC" (DE 33).  Yet, neither Rule 4 nor Florida law allows for a corporation to be served by leaving the summons and Complaint with a "co-resident" of the corporation's president.  *See Colonial Van Lines, Inc. v. AAA Colonial Van Lines, Inc.*, No. 24-CIV-188, 2024 WL 4025227, at *3 (M.D. Fla. Sept. 3, 2024) (finding service of process on a corporation was improper where the plaintiff served the registered agent's co-resident at the registered agent's residential address).  Plaintiffs have failed to demonstrate that they perfected service on Defendant Algo Capital, LLC through the affidavit of service filed in this case.  Without clear evidence that Algo Capital, LLC was properly served, the Court cannot issue a default judgment against it.  *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003) ("Generally, where service of process is insufficient, the court has no power to render judgment and the judgment is void.").

With respect to the individual Defaulting Defendants, the affidavits of service also raise some questions.  According to the affidavit of service for Robert D. Collazo, Jr., he was supposed to be served at "12301 NW 112 Ave. Suite 110, Medley, FL 33178[;]" but, the process server

provided the summons and Complaint to a "co-resident at the address of 16405 Loch Doon Rd. Miami Lakes, FL 33014" (DE 36). Nowhere in Plaintiffs' Motion or any supporting exhibits does it state the source for the addresses listed on the affidavits of service for the individual Defaulting Defendants' "place of residence" or "home address" (DE 123 at 2-4). "These statements, without further explanation, do not demonstrate that service was properly effected [sic] on each defendant." *Tindal v. Def. Tax Grp. Inc.*, No. 19-CIV-2907, 2020 WL 6491821, at *5 (M.D. Fla. Sept. 11, 2020), *report and recommendation adopted,* No. 19-CIV-2907, 2020 WL 6485002 (M.D. Fla. Nov. 4, 2020). Plaintiffs' failure to provide sufficient evidence that all Defaulting Defendants were properly served is another basis to deny the Motion for Default Judgment at this stage. *See Fortson v. Best Rate Funding, Corp.*, 602 F. App'x 479, 481 (11th Cir. 2015) (affirming denial of default judgment where plaintiff failed to allege proper service of process).

### C. Plaintiffs Have Not Identified a Sufficient Basis for a Default Judgment

"[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). "[W]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (citation omitted). "Entry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'" *Id.* (citation omitted). "[W]e have subsequently interpreted the standard as being akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* (citing *Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1370 n. 41 (11th Cir. 1997)).

8

In the Motion for Default Judgment, Plaintiffs do not provide sufficient legal analysis, demonstrating that their allegations against Defaulting Defendants are well pled—a requirement before issuing a default judgment.  *See United States v. Genesis II Church of Health & Healing*, 476 F. Supp. 3d 1283, 1289 (S.D. Fla. 2020) (explaining that the Court must ensure that the allegations from the Complaint are well-pled before issuing a default judgment).  Notably, Plaintiffs fail to refer to specific allegations from their Complaint that would establish the Defaulting Defendants' liability (DE 123 at 5-8).  Plaintiffs state in a conclusory fashion that they "believe that substantial evidentiary support exist [sic] for the allegations set forth herein against [D]efaulted Defendants: Algo Capital, LLC, Michael Shannon Sims, Robert D. Collazo Jr., and Holton Buggs" (*id.* at 6).  Instead of directing the Court to specific allegations that satisfy the elements of their claims, Plaintiffs merely reiterate their claims in a conclusory fashion (*id.* at 6, 8).  Therefore, absent a proper legal analysis that Plaintiffs' allegations are sufficient to establish liability, a default judgment is inappropriate.

### D.  Class Certification is a Pre-Requisite to Class-Wide Relief

Plaintiffs' request for a class-wide default judgment is not legally permissible.  "Federal courts may only adjudicate the rights of putative class members upon certification of that class under Federal Rule of Civil Procedure 23." *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) (citing *Washington v. Finlay*, 664 F.2d 913, 928 (4th Cir. 1981)). "Certification is contingent upon the trial court's satisfaction 'after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Id.* (quoting *Gen. Tel. Co. of the Sw.*, 457 U.S. at 161); *see also Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984) ("[A] class action, may only be certified if the court is satisfied, after a rigorous analysis, that the prerequisites of Fed. R. Civ. P. 23(a) have been satisfied.").  "This analysis is designed to protect absent class members

whose rights could be affected by the certification." *Id.* (citation omitted). "Compliance with Rule 23 must be 'actual, not presumed.'" *Id.* (quoting *Gen. Tel. Co. of the Sw.*, 457 U.S. at 160). "Without a properly certified class, a court cannot grant relief on a class-wide basis." *Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 728 n.1 (9th Cir. 1983).

Notably, Plaintiffs do not include any supporting case law that authorizes courts to grant a default judgment on a class-wide basis without class certification (*see* DE 8-15). In fact, the case law cited by Plaintiffs is inapposite, as none of the cases involve a default judgment on a class-wide basis prior to class certification under Rule 23. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (addressing "whether, in an ADEA action, district courts may play any role in prescribing the terms and conditions of communication from the named plaintiffs to the potential members of the class on whose behalf the collective action has been brought"); *Klay v. Humana, Inc.*, 382 F.3d 1241, 1246 (11th Cir. 2004) (affirming class certification); *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 112 (2d Cir. 2013) (same); *In re Zyprexa Prods. Liab. Litig.*, 253 F.R.D. 69, 201 (E.D.N.Y. 2008), *rev'd sub nom. UFCW Loc. 1776 v. Eli Lilly & Co.*, 620 F.3d 121 (2d Cir. 2010) (reversing a class certification order and vacating order denying a motion for summary judgment); *MacDonald v. Cashcall, Inc.*, 333 F.R.D. 331, 339 (D.N.J. 2019) (certifying a class action). In the absence of any legal authority permitting class-wide damages prior to class certification, the Court will not disregard the well-established procedure set forth in Rule 23.

The Worre Defendants, on the other hand, point to *Davis v. Hutchins*, 321 F.3d 641 (7th Cir. 2003), which is instructive. In *Davis*, a default judgment was entered against a *pro se* defendant for individual damages, attorneys' fees, and "also . . . class-action damages." *Id.* at 642. However, "the district court never actually certified the class." *Id.* at 648. The United States Court of Appeals for the Seventh Circuit vacated the class-wide damages award. *Id.* at 649. Relying on

*General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147 (1982), the Seventh Circuit found that a class action can only be certified after a rigorous analysis under Rule 23.  *Id.*  As a result, without the independent determination of class certification, the class-wide damages award could not stand.  *Id.*

In addition to the Seventh Circuit, other courts are similarly skeptical of entering a default judgment on a class-wide basis absent class certification.  *See Partington*, 443 F.3d at 341 ("[A] default judgment has the effect of deeming all factual allegations in the complaint admitted, it does not also have the effect of 'admitting' the independent legal question of class certification" (quoting *Davis*, 321 F.3d at 648-49)); *Katz v. MRT Holdings, LLC*, No. 07-CIV-61438, 2008 WL 4725284, at *2 (S.D. Fla. Oct. 24, 2008) (explaining that a plaintiff's burden of class certification is not eliminated because the defendants are in default); *Leider v. Ralfe*, No. 01-CIV-3137, 2003 WL 24571746, at *8 (S.D.N.Y. Mar. 4, 2003), *report and recommendation adopted in part*, No. 01-CIV-3137, 2003 WL 22339305 (S.D.N.Y. Oct. 10, 2003) ("Nevertheless, the default judgment does not change the fundamental analysis this court must undertake in deciding whether to certify the class." (citation quotation omitted)); *Mason v. Herbarium LLC*, No. 21-CIV-8452, 2022 WL 17224683, at *2 (C.D. Cal. Sept. 28, 2022) (denying a default judgment without prejudice on a class-wide basis absent class certification); *Clancy v. Bromley Tea Co.*, No. 12-CIV-03003, 2014 WL 212603, at *2 (N.D. Cal. Jan. 17, 2014) (explaining that in a proposed class action, the plaintiff cannot obtain class-wide damages through a "standard default judgment motion" and that class certification is a prerequisite for class-wide relief (citing *Partington*, 443 F.3d at 341)).  Therefore, absent the Court certifying a class action, Plaintiff cannot obtain a default judgment against Defaulting Defendants on a class-wide basis.

IV.   **CONCLUSION**

Based on the foregoing, it is respectfully recommended that Plaintiffs' Motion for Default Judgment against Defendants Algo Capital, LLC, Michael Shannon Sims, Holton Buggs, and Robert D. Collazo, Jr. (DE 123) be **DENIED**.

V.   **OBJECTIONS**

The Parties will have fourteen (14) days from this Report and Recommendations to file written objections, if any, with the Honorable Kathleen M. Williams, United States District Judge. Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this Report and shall bar the Parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except upon grounds of plain error, if necessary, in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 11th day of July, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record