IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

_____

UNITED INVESTOR COMMUNITY, INC.,
LYADUNNI UDUGBA
OLUNGBENGA BERNARD ADESUYI
(Individually and on behalf of all others
similarly situated).                                    Civil Case No.: 1-24-cv-23359 -KWW

                Plaintiffs,

-against-

OMEGAPRO FOREX TRADING
et al.,
                Defendants.
_____/

**PLAINTIFF'S AMENDED AND RENEWED MOTION AND MEMPORANDUM OF LAW fIN SUPPORT OF LEAVE TO FILE  SECOND AMENDED COMPLAINT**

    Plaintiff through undersigned counsel hereby moves this Court for leave to file the attached Second Amended Complaint pursuant to the Federal Rule of Civil Procedure 15 and Local Rule 7.1.  For the reasons set forth in the accompanying Memorandum, Plaintiff respectfully request that this Court grant it leave to file the Second Amended Complaint because it will clarify the dispute between the parties, further elaborate the specific roles of the Defendants and will not cause prejudice to any of the Defendants.

    On August 29, 2025, this Court entered a paperless Order (ECF #224) directing Plaintiffs to file a motion seeking leave to amend the First Amended Complaint and, presumably, the proposed Second Amended Complaint on or before September 5, 2025. Plaintiffs are now filing this Motion seeking leave to file the proposed Second Amended Complaint, previously filed as **<u>Exhibit A</u>** to the original motion for leave to amend.

1

## MEMORANDUM OF LAW

## ARGUMENT

### I.    Leave to Amend Should be Freely Granted

The Efficient Administration of Justice Requires That Plaintiffs be Given Leave to File an Amended Complaint. Federal Rule of Civil Procedure 15(a) requires that leave to file an amended complaint be "freely given when justice so requires." The decision whether to grant leave to amend is committed to the sound discretion of the trial court. *Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir.1983).

However, "'discretion' may be a misleading term, for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 597-598 (5th Cir.1981). This policy of Rule 15(a) in liberally permitting amendments to facilitate determination of claims on the merits circumscribes the exercise of the trial court's discretion; thus, "[u]nless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir.1988)

In addition to aligning with Rule 15's liberal standard, the proposed Second Amended Complaint will significantly aid in narrowing the issues for the Court and the parties. It provides greater factual specificity, removes ambiguity as to the roles of individual Defendants, and aligns the allegations with the now-unsealed criminal indictment. Such clarifications serve judicial economy by limiting unnecessary motion practice and promoting an efficient resolution on the merits.

Unless there is undue delay, bad faith, futility, a dilatory motive or prejudice to the opposing party, "the leave sought should, as the rules require, be 'freely given.'" *Allapattah Services, Inc. v. Exxon Corp., 61 F.Supp.2d 1326, 1333 (S.D.Fla. 1999)* (internal citations omitted).

2

Here, during the course of the July 24, 2025 hearing – primarily based on the June 25, 2025 Federal Grand Jury indictment in Puerto Rico, undersigned counsel for the Plaintiffs specifically notified the Court of the intent to file this motion and the attendant Second Amended Complaint.[1]

The federal filings describe the same enterprise, actors, time period, channels, modus operandi and techniques Plaintiffs have alleged here: (i) repeated promises of guaranteed, extraordinary returns (e.g., 200-300% within 13-16 months); (ii) misrepresentations regarding licenses/registrations and claimed "hedge fund" or "licensed broker" status; (iii) reliance on social-media/influencer-driven promotion and high-profile events to project legitimacy; (iv) a persistent inability of investors to withdraw funds and a "Broker Group" migration ruse; and (v) routing of large volumes of cryptocurrency through wallets under the control of principals/promoters.

---

[1] See *United States v. Sims & Reynoso*, No. 3:25-cr-00284-RAM (D.P.R.). The Indictment alleges, inter alia, that from about December 2018 through about April 2025, Sims, Reynoso, and others promoted and operated "OmegaPro," a multi-level marketing ("MLM") scheme to obtain money by materially false statements, including promising extraordinary investment returns (e.g., 300% ROI), misrepresenting licensure/regulatory status, and staging lavish global promotional events and social-media campaigns to project legitimacy (including projecting the logo on the Burj Khalifa).

It further alleges that victims were induced to keep funds in OmegaPro by threats of large withdrawal fees and that victims across the world - including the U.S. - were unable to withdraw their funds even after OmegaPro claimed to have transferred accounts to "Broker Group."

Between about August 2019 and November 2022, the equivalent of over $650 million in virtual currency was allegedly sent to OmegaPro-controlled wallets, then dispersed to insiders and promoters.

The public docket reflects that the case was unsealed following Sims's arrest on July 8, 2025; that he was arraigned, pleaded not guilty, and was released on an unsecured bond with standard conditions; and that the government is prosecuting Counts 1 and 2.

Plaintiffs proposed Second Amended Complaint alleges those facts independently and upon information and belief; the federal records corroborate the existence of these allegations and the government's parallel theory. In the process, it further clarifies the roles of the individual Defendants who participated or aided and abetted the Ponzi Scheme by lending their credibility and power to the Ponzi schemers for a fee.

The proposed pleading also asserts newly uncovered, defendant-specific allegations that emerged after the filing of the indictment and fully satisfies the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) for RICO claims sounding in fraud.

## II. Defendants Will Not Suffer Substantial Prejudice, and There Is No Other Reason Plaintiffs Should Not Be Given Leave to Amend

The U.S. Supreme Court determined that "[i]n the absence of . . . undue delay, bad faith or dilatory motive . . . undue prejudice . . . futility of amendment, etc.--the leave sought should . . . be 'freely given.' " *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eleventh Circuit applies a balancing test of these factors, which turns on *substantial prejudice* to the opposing party. *See, Best Canvas Products & Supplies, Inc. v. Ploof Truck Lines, Inc.,* 713 F.2d 618 (11th Cir.1983); *Espey v. Wainwright*, 734 F.2d 748, 759 (11th Cir. 1994).

No such prejudice exists here. The facts described in the Second Amended Complaint are well-known to Defendants, because they participated in the Ponzi Scheme by using social media to promote the same, and the videos, pictures and other evidence of their participation exist, and they know it because most of them are serial promoters of Ponzi Schemes having participated in several Ponzi Schemes over the years.

Moreover, no trial date has been set and discovery has not commenced. Allowing amendment at this stage will not unduly burden Defendants or disrupt case deadlines

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court GRANT the the motion for leave to Plaintiff to file the attached proposed Second Amended Complaint

(Exhibit A to the original motion for leave to amend) and deem the same filed as of the date of the Court's Order, and for such other relief as this Court deems necessary and just.

## LOCAL RULE 7.1(a)(3) CERTIFICATION

I hereby certify that counsel for the movant conferred with Defendants' Counsels on September 5, 2025 regarding the requested relief. In response thereto, Defendants' counsels objected to the filing of this motion and to the requested relief. [2]

**Dated** this 9th Day of September, 2025.

Respectfully Submitted,

/s/ J. Wil Morris
J. Wil Morris, Esquire
Attorney for Plaintiff
2800 Biscayne Blvd, Suite 530
Miami, Florida 33137
Telephone: 305-444-3437
Fax: 305-444-3457
Email: wilm@morrislegalfla.com
Florida Bar No.: 069493

### Certificate of Service

I, Wil Morris, hereby certified that the foregoing Motion has been served to all the attorneys for the several Defendants who have appeared in this case via ECF on September 9, 2025.

/s/ J. Wil Morris

---

[2] The undersigned counsel apologizes to the Court for filing the motion without the certification as it was an oversight as he did confer with opposing counsels before its filing and just neglected to include it in the motion.