UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-23359-CIV-ARTAU/D'ANGELO

UNITED INVESTOR
COMMUNITY INC., et al.,

    Plaintiffs,

vs.

OMEGAPRO FOREX
TRADING LTD., et al.,

    Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE
## DEFENDANT JOHN C. MAXWELL'S MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court on Defendant John C. Maxwell's Motion for Sanctions filed on August 8, 2025 (DE 217).[1] Plaintiffs United Investor Community, Inc., Lyadunni Udugba, and Olungbenga Bernard Adesuyi filed their response in opposition on September 5, 2025 (DE 225), and Defendant Maxwell replied on September 12, 2025 (DE 236). Having considered the Motion, the relevant legal authorities, and the pertinent portions of the record, and being otherwise fully advised in the premises, for the reasons stated below, it is **ORDERED and ADJUDGED** that Defendant Maxwell's Motion for Sanctions (DE 217) is **DENIED WITHOUT PREJUDICE**.

    **I.**    **PROCEDURAL BACKGROUND**

On March 5, 2025, Plaintiffs filed their First Amended Complaint against a host of Defendants, asserting a variety of claims including money laundering, fraud, civil conspiracy to commit fraud, civil violations of the Federal Racketeer Influenced and Corrupt Organizations Act

---

[1] On September 30, 2025, the Motion was referred the undersigned Magistrate Judge pursuant to Title 28, United States Code, Section 636 (DE 246).

(18 U.S.C. §1964(c)), civil violations of the Florida Racketeer Influenced and Corrupt Organizations Act (FLA Article 865), breach of contract, breach of fiduciary duty, unjust enrichment, intentional and negligent infliction of emotional distress, negligence, fraud, aiding and abetting fraud, embezzlement, misappropriation, and failure to supervise (DE 143 at 3). On March 20, 2025, Defendants Eric and Marina Worre, Juan Carlos Reynoso Sr., Francisco Story, and Jordan Belfort filed their Joint Motion to Dismiss (DE 181).[2] On May 19, 2025, Defendant Maxwell joined in the arguments and reasons set forth in the Joint Motion to Dismiss the First Amended Complaint (DE 200).

On August 8, 2025, Defendant Maxwell filed the instant Motion for Sanctions against Plaintiffs and their counsel (DE 217). On August 29, 2025, based on Plaintiffs' representations during the July 24, 2025 hearing, the Court ordered that "if Plaintiffs intend to file a motion for leave to amend, they shall file it on or before September 5, 2025" (DE 224). On September 9, 2025, Plaintiffs filed their Amended Motion for Leave to File a Second Amended Complaint, which the Court granted (DE 230, 237).[3] Plaintiffs filed their Second Amended Complaint on September 18, 2025 (DE 240). On September 22, 2025, due to the filing of Plaintiffs' Second Amended Complaint, the Court denied the Joint Motion to Dismiss filed on March 20, 2025 as moot (DE 242). Defendants Eric and Marina Worre, Juan Carlos Reynoso Sr. Francisco Story, Jordan Ross Belfort, and John C. Maxwell filed their Joint Motion to Dismiss the Second Amended Complaint on October 1, 2025, which is currently pending before the Court (DE 250).

---

[2] The Worre Defendants state that they are specially appearing to preserve their challenges to personal jurisdiction.

[3] On September 5, 2025, Plaintiffs filed their Motion for Leave to Amend, but the Court denied it without prejudice on September 9, 2025 for failing to include a certificate of conferral (DE 228).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 11 requires that a filer certify that the "pleading, written motion, or other paper" is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation[,]" and "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(1)-(2). "The purpose of Rule 11 is to 'discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses.'" *Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989) (quoting Fed. R. Civ. P. 11 advisory committee note). Rule 11 sanctions are properly awarded when an attorney or party files a pleading "that has no reasonable factual basis[,]" "that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law[,]" or "in bad faith for an improper purpose." *Adams v. Austal, U.S.A., L.L.C.*, 503 F. App'x 699, 703 (11th Cir. 2013).

When evaluating a motion for sanctions under Rule 11, courts conduct "a two-step inquiry" to determine "whether the party's claims are objectively frivolous[,] and . . . whether the person who signed the pleadings should have been aware that they were frivolous." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). "[A] legal claim is frivolous if no reasonably competent attorney or *pro se* party could conclude that it has any reasonable chance of success or that there is a reasonable argument to change existing law." *Turner v. Charter Schools USA, Inc.*, No. 18-CIV-24005, 2020 WL 8371202, at *4 (S.D. Fla. Oct. 30, 2020) (citation omitted). The filer's awareness that the claims were frivolous depends on whether "he made a reasonable inquiry." *Id.* (citation omitted). "Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'" *Baker*, 158 F.3d at 523 (quoting *Donaldson v. Clark,* 819 F.2d 1551, 1555 (11th Cir. 1987)).

3

### III.  DISCUSSION

In support of the Motion, Defendant Maxwell argues that "[t]here is no reasonable factual basis to include Mr. Maxwell in the Complaint," as the Amended Complaint "only mentions Mr. Maxwell once" (DE 217 at 2, 5). In Defendant Maxwell's view, there is no factual basis to support the Amended Complaint's allegations against him, because the only link between Defendant Maxwell and the purported conspiracy is one speaking engagement in 2022, where Defendant Maxwell was the guest speaker (*id.* at 2-3). Further, Defendant Maxwell maintains that Plaintiffs' counsel knew at the time he filed the Amended Complaint that the allegations against Defendant Maxwell were "baseless" (*id.* at 6). According to Defendant Maxwell, a reasonable search would have "only found [the contract for the speaking engagement], which cannot be the basis to conclude that Mr. Maxwell participated in the scheme" (*id.*).

Plaintiffs counter that Defendant Maxwell's Motion for Sanctions is "premature," as the Joint Motion to Dismiss is still pending before the Court. Plaintiffs argue that there has been "no operative finding that the claims lack legal or factual merit, and no adjudication that would justify sanctions under Rule 11 or the Court's inherent authority" (DE 225 at 2). Plaintiffs also point out that discovery has not started, and they have not had the chance to obtain evidence that may further corroborate the allegations against Defendant Maxwell (*id.* at 3). Plaintiffs also suggest that their Second Amended Complaint makes the Motion for Sanctions "even more premature," because the Second Amended Complaint "includes highly detailed and individualized allegations against Defendant John C. Maxwell" (*id.*).

The procedural history of the case supports the conclusion that the Motion for Sanctions is premature. As Plaintiffs point out, there has been no substantive ruling from the Court on the sufficiency of Plaintiffs' claims. Indeed, courts routinely find that sanctions motions are premature when raised before the plaintiff's claims have been evaluated through dispositive motion practice.

4

*See e.g.*, *Almeida v. Bennet Auto Supply, Inc.*, 335 F.R.D. 463, 466 (S.D. Fla. 2020) (denying a motion for Rule 11 sanctions as premature when the argument in the motion was "how vague and implausible the complaint's allegations [we]re"); *Nutramax Lab'ys, Inc. v. Zesty Paws LLC*, No. 22-CIV-626, 2023 WL 4493960, at *2 (M.D. Fla. May 24, 2023) ("Under these circumstances, and because the basis for Defendants' request for Rule 11 sanctions is the pleadings, it is appropriate to deny the request for sanctions under Rule 11 without prejudice as premature.") (collecting cases); *PayRange, Inc. v. Kiosoft Techs., LLC*, No. 20-CIV-20970, 2021 WL 8566761, at *5 (S.D. Fla. Sept. 8, 2021) ("At the crux of Defendants' first two bases for sanctions is the assertion that Plaintiff has no evidence to support its claims, but the arguments set forth are more properly presented at summary judgment."). "Moreover, 'Rule 11 should not be used to raise issues as to the legal sufficiency of a claim or defense that more appropriately can be disposed of by a motion to dismiss, a motion for judgment on the pleadings, a motion for summary judgment, or a trial on the merits.'" *Bigford v. BESM, Inc.*, No. 12-CIV-61215, 2012 WL 12886184, at *2 (S.D. Fla. Oct. 12, 2012) (citation omitted).

      In this instance, Plaintiffs state that additional allegations regarding Defendants Maxwell's involvement in the alleged conspiracy have been added to the Second Amended Complaint – the operative pleading that was filed after the Motion for Sanctions (DE 225 at 3). Furthermore, the Joint Motion to Dismiss has yet to be decided, and Defendant Maxwell repeats many of his same arguments regarding the frivolousness and lack of factual support for Plaintiffs' claims in the Joint Motion to Dismiss. *See Ayala v. Nissan N. Am.*, Inc., No. 20-CIV-1625, 2021 WL 2474435, at *1 (M.D. Fla. Mar. 8, 2021) (denying a Rule 11 motion for sanctions as premature when it repeated the arguments made in a motion to dismiss). Therefore, to avoid any unnecessary delay in the disposition of claims on the merits and to conserve judicial resources, Defendant Maxwell's

Motion for Sanctions should be deferred until later in the litigation. *See Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (explaining that courts should defer Rule 11 sanctions "until the end of trial to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits." (citation omitted)). Notably, if Defendant Maxwell files a renewed Motion for Sanctions, the Court can consider the renewed Motion as relating back to when Defendant Maxwell placed Plaintiffs on notice of the frivolousness of their claims. *See Almeida*, 335 F.R.D. at 467 (explaining that a renewed motion for sanctions can be considered back to the date of the filing of the original motion). However, at this time, Defendant Maxwell's Motion for Sanctions is premature.

### IV.  CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** that Defendant John C. Maxwell's Motion for Sanctions (DE 217) is **DENIED WITHOUT PREJUDICE** as premature.

**DONE and ORDERED** in Chambers in Miami, Florida on this 16th day of October, 2025.

_____
ELLEN F. D'ANGELO
UNITED STATES MAGISTRATE JUDGE

cc:   All Counsel of Record